(37 South. 12.)

No. 14,828.

LAWLER v. BRADFORD et al.*

(Feb. 29, 1904.)

DEED—CONSTRUCTION—DESCRIPTION OF PROPERTY.

1. Where reference is made in an act of sale of real estate to the title under which the vendor holds, both acts should be consulted, and taken together, to ascertain the true description of the property. Bank v. Denhan, 7 Rob. 40; Labiche v. Jahan, 9 Rob. 30.

Breaux, J., dissenting.

(Syllabus by the Court.)

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; Edward Taylor Lewis, Judge.

Action by Joseph G. Lawler against Welman Bradford and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Story & Pugh, R. Lee Garland, and Kenneth Baillio, for appellants. Lewis & Lewis and Edward Benjamin Du Buisson, for appellee.

On Rehearing as to Question of Jurisdiction.

LAND, J. The court on its own motion dismissed this appeal for want of jurisdiction ratione materiæ. Defendants and appellants applied for a rehearing, which was grant-

*Rehearing denied June 21, 1904.

ed. Our attention has been called to the fact that the defendants in their answer alleged that the right of way claimed by them exceeds in value $2,000. Defendants have also filed in this court an affidavit to the same effect. Plaintiff and appellee, on the rehearing, offered no evidence as to value. We think that the pleadings and evidence justify us in assuming jurisdiction. Our former decree dismissing the appeal is vacated.

On the Merits.

Plaintiff and defendants claim title from the same author, to wit, Henry Joubert, the vendor of plaintiff. Defendants contend that the tract of land sued for, containing nine arpents, was conveyed by Henry Joubert and wife to Ernest Joubert, and by him to Max Klaus, and that the latter granted to them the right of way for canal purposes through and across the eastern portion of said tract.

The crucial question in the case is whether Henry Joubert conveyed title to Ernest Joubert, the vendor of Max Klaus.

The strip of land claimed by plaintiff was a portion of a tract of 40 acres purchased in 1875 by Thomas Green from O. O. Pitre, bounded on the *north* and *south* by lands of vendor. Pitre subsequently conveyed to his wife the two tracts adjoining the land sold to Green. In January, 1876, Mrs. Octavie Lejume, wife of Pitre, sold said two tracts of land to Mrs. Eleanor Fontenot, wife of Henry Joubert, under the following description, to wit:

"A certain plantation situated in the Prairie Plaisance, composed of prairie land, measuring about seventy five arpents, more or less, with all the buildings and improvements, bounded *North by Thomas Green.* (Italics ours.) * * * Also one tract of woodland situated near the same place and measuring about seventy five arpents, more or less, bounded * * * *south by Thomas Green.* (Italics ours.) * * *"

The act of sale was filed and recorded under the number 14,370.

In September, 1888, Henry Joubert pur-

chased from the widow and heir of Thomas Green—

"A small body of land situated in Plaisance * * * having a width of six arpents and a depth of about one and one-half arpents, making an area of about nine arpents, bounded on the *North by the Estate of Tom Green and community,* South by land of *this purchaser* * * *." (Italics ours.)

In January, 1892, Mrs. Henry Joubert, born Fontenot, aided, authorized, and assisted by her husband, and Henry Joubert, individually, conveyed to their son Ernest Joubert the following described property, viz.:

"A certain plantation situated in Prairie Plaisance, composed of prairie land, measuring about seventy five arpents, more or less, with all the buildings and improvements, *bounded North by Estate Thomas Green.* * * * Also one tract of woodland situated near the same place and measuring about seventy five arpents, more or less, bounded * * * *South Estate Thomas Green.* * * * (Italics ours.) Being same property acquired by Act No. 14,370 on Files of Recorder's Office of the Parish of St. Landry."

In 1898, Ernest Joubert sold the two tracts of land by the same description to Max Klaus and as—

"Being the same property acquired from Henry Joubert and Mrs. Eleanor Fontenot, the wife of said Henry Joubert, by act of sale passed before Alf Pavy, Notary Public, Jan. 5th, 1892, said act is duly recorded in Conveyance Book B, No. 3, pp. 37 and 38 Records of St. Landry Parish."

In January, 1901, Max Klaus granted to Bradford and associates a right of way 125 feet in width for canal purposes over the following described land, viz.: "North Bayou Carron, East Self and Blacksher, South P. T. Blacksher, West Public Road." The route to be situated on Max Klaus' east line.

On December 12, 1902, Henry Joubert sold to J. G. Lander the tract of nine arpents purchased from the widow and heir of Thomas Green. This last sale was made for the price of $380.50 cash.

In the deed to Ernest Joubert the north boundary is stated to be, "Estate of Thomas Green," which means the tract of land belonging to said estate. Literally speaking, this

boundary included the nine-acre tract in dispute which was sold in 1888 off of the extreme southern portion of the Green tract.

But we find, following the description given in the deed, the recital that the thing sold was the same property acquired by Act No. 14,370 of record, which is the deed evidencing the purchase in the name of Mrs. Joubert in 1876.

In Labiche v. Jahan, 9 Rob. 30, the court held that, where reference is made in the act of sale to the conveyance under which the vendor held, both acts should be consulted and taken together to ascertain the true description of the things sold.

In Bank v. Denham, 7 Rob. 40, an error in act of mortgage as to the number of the block was corrected by reference to the title of the mortgagor.

The parties declared in the deed that it was the same property acquired by Mrs. Joubert in 1876. If so, the boundaries set forth must be considered as intended to be the same. Hence the call "Estate of Thomas Green" must be construed as designating the 40 acres owned by Thomas Green in 1876. This construction harmonizes all the descriptive recitals contained in the deed to Ernest Joubert.

A comparison of the descriptions in the two deeds shows that one was copied from the other, with the exception of the names of the adjoining proprietors, one of whom, Green, had died. The words "Estate of" were inserted before the name "Thomas Green."

We are concerned only with the tract first described. In both deeds this tract is stated to be "composed of prairie land," and to contain "about seventy five arpents more or less." The tract of nine arpents is shown by the evidence to be "very hilly" and cut by a deep ravine.

The term "prairie land" is not applicable to such a parcel of land. Even if it were, this tract is excluded by the recital that the property conveyed was the same property ac-

quired by Mrs. Joubert in 1876. It is hardly possible that the notary, if called upon to convey two tracts of land held by different titles, made the mistake of including only one in the description, and of reciting that the property conveyed was acquired by one of the titles. The fact that Henry Joubert, individually, joined his wife in conveying title, is without significance. The land was purchased during the marriage, and was therefore presumed to belong to the community.

The sale to Ernest Joubert was partly on a credit. There was no change of possession, and the testimony of Henry Joubert, the father, is to the effect that the sale was a security. We assume that the intention was to raise money on the vendor's note, or to use it as collateral. Henry Joubert made the bargain with Max Klaus, and his son Ernest made the conveyance by direction of his father. Henry Joubert seems to have remained in possession as tenant of Klaus, but he testifies that the tract of nine acres was not included in the lease.

Neither Ernest Joubert nor Max Klaus were called upon to testify in the case, and it is to be noted that Max Klaus has not intervened in this suit, and has not been called in warranty.

The plaintiff, Lawler, purchased the property on the faith of the titles as recorded, and cannot be estopped by the alleged acts and conduct of Joubert.

The exception of no cause of action has no merit. Plaintiff alleges that he is owner and possessor. The evidence shows that Joubert was in actual possession of this tract of nine arpents as owner for a number of years, and his rights passed to the plaintiff.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, and that appellants pay the costs of this appeal.

See dissenting opinion of BREAUX, J., 37 South. 13.