(51 South. 58.)

No. 17,670.

PALMER v. VERNON LUMBER CO.

(Dec. 13, 1909.    Rehearing Denied Jan. 17, 1910.)

(Syllabus by the Court.)

LOGS AND LOGGING (§ 3*)—SALE OF STANDING TIMBER—TIME FOR REMOVAL.

On March 2, 1900, Y. C. Palmer sold to the Hymers Lumber Company all the merchantable timber, standing on certain land of which he was the owner, for $1,231, $410 cash, the balance payable in three and six months, the credit portion represented by notes secured by special mortgage and vendor's privilege on the timber sold. The vendee was given in that act five years from the date of sale to enter upon the land and cut and remove the timber. The act of sale was duly recorded in the conveyance and mortgage books of the parish. In January, 1901, the vendor applied for and obtained an order for the seizure and sale of the timber, and at a sheriff's sale at public auction the timber was sold for $755 cash to D. G. Saunders. No mention was made in the order of sale, in the advertisement of sale, or at the sale of any time limit for the removal of the timber. In June, 1901, Saunders sold the timber for $3,487 cash to the defendant, the Vernon Lumber Company;

no time being fixed for a removal of the timber. In May, 1903, Y. C. Palmer sold the land from which the timber had been sold to G. J. Palmer, the plaintiff, for $300. On the 8th of April, 1908, the plaintiff brought suit to have himself declared the owner of the timber upon the ground that the timber had not been removed from the land within the five years which had been accorded to the Hymers Lumber Company. The district court rendered judgment in his favor, and defendant has appealed. The judgment appealed from is, for reasons assigned, held to be erroneous. The judgment is annulled, avoided, and reversed, and plaintiff's suit dismissed.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. § 11; Dec. Dig. § 3.*]

Appeal from Twelfth Judicial District Court, Parish of Vernon; Don E. So Relle, Judge.

Action by G. J. Palmer against the Vernon Lumber Company. Judgment for plaintiff, and defendant appeals. Reversed and dismissed.

J. R. Monk, C. E. Hardin, and Alexander Wilkinson, for appellant. D. M. Sholars and W. M. Lyles, for appellee.

Statement of the Case.

NICHOLLS, J. Plaintiff alleged: That he is the owner of the E. ½ of S. E. ¼ of section 13, the N. ½ of N. E. ¼, less five acres in the northwest corner, the N. ½ of N. W. ¼, and S. W. ¼ of N. W. ¼ of section 24, all in township 3 north of range 11 west, together with all buildings and other improvements thereon of whatsoever nature, all of which is well worth the sum of $4,000, by virtue of the purchase thereof of Y. C. Palmer on May 8, 1903, by private act duly proven and recorded in Book No. 2 of Conveyances, page 274, of Vernon Parish, La. That on March 2, 1900, Y. C. Palmer sold to the George Hymers Lumber Company, Limited, a corporation then in existence organized under the laws of Louisiana, the right to cut and remove the merchantable pine timber on the land hereinbefore described, said right to be exercised within five years from the date of said instrument, as shown of record in Book

N of Conveyances, page 517, for a partly cash and partly credit consideration.

That on the 5th day of January, 1901, the said Y. C. Palmer caused said timber right to be sold at public sale to collect the unpaid contract price at which sale D. G. Saunders became the purchaser of the rights of George W. Hymers Lumber Company, Limited, for a cash consideration, all of which is fully shown by reference to said deed of conveyance recorded in Book P of Conveyances, page 410, of Vernon Parish, La. That thereafter on the 3d day of June, 1901, the said D. G. Saunders pretended to sell to the Vernon Lumber Company the timber situated on the property herein described for the sum of $3,487.50 cash, as recited in Book T of Conveyances, page 555, of Vernon Parish, La., without any reservation whatsoever.

That the period of five years given within which to cut and remove the timber has expired without having been exercised by either of the said vendors, and that, because of their failure so to do, the said timber ipso facto reverted to petitioner, the owner of the lands, and that petitioner desired that the court decree that he is the true and lawful owner of the timber situated on the E. ½ of the S. E. ¼ of section 13, N. ½ of the N. E. ¼, less five acres in northwest corner, N. ½ of N. W. ¼ of section 24, township 3 north of range 11 west, containing in the aggregate 275 acres more or less, and that the right to cut and remove said timber by the Vernon Lumber Company had lapsed and been forfeited under said time limit stipulated by and between Y. C. Palmer and the George W. Hymers Lumber Company, Limited, as herein recited.

In view of the premises, petitioner prayed for service and citation hereof on the said Vernon Lumber Company, a corporation duly organized by and under the laws of the state of Missouri, whereof W. A. Field of Hart, La., is the party designated by it upon whom service and citation may be had for the state of Louisiana, and that after due and legal proceedings had your petitioner have judgment decreeing that he is the owner of the timber on the E. ½ of S. E. ¼ of section 13, N. ½ of N. E. ¼, less five acres in the northwest corner, the N. ½ of N. W. ¼, and S. W. ¼ of N. W. ¼, of section 24, township 3 north of range 11, together with all the buildings and other improvements thereon of whatsoever nature by virtue of his purchase of Y. C. Palmer, and that the defendant the Vernon Lumber Company has no claim whatsoever thereto in law; the right to cut and remove having expired without having been exercised. Petitioner finally prayed for all orders and decrees necessary in the premises, for cost, and for general and equitable relief.

Defendant, without answering to the merits and reserving the right to thereafter answer, informed the court: That plaintiff's petition declared no cause of action, in that plaintiff admitted that his vendor, Y. C. Palmer, sold the timber described in plaintiff's petition to Geo. W. Hymers Lumber Company, a corporation in existence at that time. That on January 5, 1901, the said Y. C. Palmer, his vendor, caused said timber to be sold at public auction to collect the unpaid price due by his vendee, and D. G. Saunders was the purchaser at said sale for cash, and paid the sheriff and auctioneer for said timber. That Y. C. Palmer caused this property to be sold at public auction, which was done, as admitted by plaintiff; that he had no right, title, or interest in said property thereafter, and plaintiff's deed from Y. C. Palmer was a nullity.

In view of the premises, it prayed that this exception be sustained, and that plaintiff's suit be dismissed at his cost.

Under reservation of its exceptions, defendant answered. It first pleaded a general denial. It then alleged: That on March 2, 1900, Y. C. Palmer sold to Geo. W. Hymers Lum-

ber Company, Limited, all the timber lying, standing, and being situated on the E. ½ of S. E. ¼, section 13; N. ½ of S. E. ¼, section 14, township 3 north, range 11 west, less 5 acres situated in northwest corner; and N. ½ of N. W. ¼, S. W. ¼ of N. W. ¼, section 24—all in township 3 north of range 11 west, under warranty deed translative of property part for cash and part on credit, reserving as security for credit payment a mortgage and vendor's lien on said timber, which said deed is here specially referred to and made a part of this answer, and is recorded in Conveyance Record N, page 517, and that on or about January 12, 1901, the said Y. C. Palmer foreclosed his mortgage against said property under seizure and sale, and that the same was sold at public auction to the last and highest bidder, the same was sold to him; Y. C. Palmer being one of the bidders at the sale.

That D. G. Saunders obtained from T. J. Davis, sheriff, and ex officio auctioneer of said parish, on the 12th of January, 1901, a warranty deed to all the timber lying, standing, and being situated on the above and foregoing described property, which said deed is recorded in Conveyance Record P, page 410, which is also specially referred to and made a part of this answer for greater certainty.

That it purchased said property from the said D. G. Saunders for a valuable consideration and under title translative of property some time in the summer of 1901, and which said deed is recorded in Conveyance Record ———, page ———, of the Records of Vernon Parish, La., which is also specially referred to and made a part of this answer for greater certainty.

That the said Y. C. Palmer, after ordering this said property to be sold at public auction and being one of the bidders at the sale, and the same was sold to respondent's vendor, D. G. Saunders, and not being bought in by the said Y. C. Palmer, he lost all right, title, and interest whatsoever he might have had in said property, and that his so-called "deed" to plaintiff in this case was null and void and should be so decreed.

That if the said Y. C. Palmer only gave to Geo. W. Hymers Lumber Company, Limited, five years within which to cut and remove said timber from said premises, he lost all rights reserved to him under said stipulation by virtue of ordering this property sold in the manner he did, at public auction, and allowing it to be bought in by D. G. Saunders, an innocent third purchaser; and that as Y. C. Palmer, as aforesaid, lost all right, title, and interest he ever owned in said property, he could therefore convey none to plaintiff in this case.

The premises considered respondent prayed that it have judgment against plaintiff decreeing it to be the owner in fee simple of the timber situated on the above and foregoing described property.

It finally prayed for all orders and decrees necessary in the premises, for costs, and for general and equitable relief.

The district court rendered judgment in favor of the plaintiff and against the defendant decreeing plaintiff to be the legal owner of the timber standing or otherwise and growing or situated on the following described land, to wit:

E. ½ of S. E. ¼, section 13, and N. ½ of N. E. ¼, and W. ½ of N. W. ¼ and N. E. ¼ of N. W. ¼, section 24, township 3 north of range 11 west, La., Meridian.

It is further ordered that defendant pay all costs of this suit.

Defendant has appealed.

### Opinion.

On the 2d of March, 1900, Y. C. Palmer sold to the George W. Hymers Lumber Company, Limited, the following merchantable timber, lying, standing, and being on certain described land in the parish of Vernon for

and in consideration of the price of $1,231.55, of which $410.65 were paid cash, the balance payable in two installments of $410.55, represented by two notes each for that amount, one of said notes payable in three months after date, the other in six months after date, both notes bearing interest at .8 per cent. per annum from date until paid, both notes dated March 2, 1900. The vendee was by the act of sale given five years from the date of the sale to enter upon the land with their trains, wagons, teams, and all other appurtenances necessary to cut and remove said timber off of said premises and not to damage the vendor's farm premises. In order to secure payment of the said notes and debt when due, a vendor's privilege was retained and a special mortgage given on the property sold. This act was recorded in the conveyance and mortgage books of the parish of Vernon on April 13, 1900. The sale was evidenced by notarial act, to which act Jeff Palmer was one of the witnesses.

Under an order of seizure and sale from the district court for the parish of Vernon to him directed in the matter of Y. C. Palmer v. Geo. W. Hymers Lumber Company, Limited, the sheriff of that parish seized and sold on the 5th January, 1901, to D. G. Saunders, for $755 cash, all of the merchantable pine timber on certain described land. At that sale a certificate of mortgage was read which disclosed the fact of the existence on the property offered for sale, of the mortgage for $821, and interest thereon which resulted from the sale made by Y. C. Palmer to the George W. Hymers Lumber Company, Limited, which was recorded on the 13th of April, 1900. In the deed the sheriff granted and conveyed to Saunders all of the property seized and sold to him, together with all the appurtenances thereto belonging, to have and to hold the same forever as fully and absolutely as he, the sheriff, could convey by virtue of the order of seizure and sale. G. J. Palmer

was one of the witnesses to the sheriff's deed. The deed was recorded on January 17, 1901.

On June 25, 1901, D. G. Saunders sold with full subrogation to his rights, title, and actions of warranty, to the Vernon Lumber Company, Limited, for $3,487 cash, all of the merchantable timber lying, standing, and being on certain described property (being the same property which had been sold to Saunders at the sheriff's sale in January, 1901), to have and to hold the same forever, together with all the rights and appurtenances thereto in any wise belonging. This act was recorded September 17, 1901.

On May 8, 1903, Y. C. Palmer sold to G. J. Palmer for $300 cash, with full subrogation to all of his rights and actions of warranty against all former owners and vendors, certain described property in the parish of Vernon, to have and to hold the same, together with all and singular the rights and appurtenances thereto in any wise appertaining. This act was recorded December 3, 1908.

The present suit was filed on the 8th of April, 1908. It will be seen that the time given by Y. C. Palmer to its vendee, the George W. Hymers Lumber Company, Limited, to cut and remove the timber which it had bought, would have expired had the latter continued to be the owner of the timber so bought, on March 2, 1905, but that before that date—that is to say, on January 2, 1901 —its ownership of the timber was cut off by reason of the seizure and sale of the same at a judicial sale made at the instance of its vendor, Y. C. Palmer.

It will further be seen that G. J. Palmer, plaintiff in the present suit, bought the land on May 8, 1903, from Y. C. Palmer from which the timber had been seized; that this was about two years before the time limit had been reached for the removal by the Hymers Company of the timber. His purchase of the land, therefore, did not ipso facto carry

to him ownership of the timber. While the Hymers Company by its purchase acquired the ownership of the timber, the company held it subject to be defeated by the happening of two different facts. If the Hymers failed to pay the purchase price of the timber, and Y. C. Palmer exercised his right to have the timber seized and sold, the immediate effect of that sale would be to destroy the company's ownership of the timber and at the same time terminate its right and its duty to remove the timber. Under such circumstances, the defeat of the right of ownership was not the result of nonremoval of the timber during the five years which it had been stipulated it should come to an end inasmuch as the company would have at that time no ownership to be destroyed. The defeat of ownership by nonremoval of the timber was merged in and swallowed up by the loss of ownership from the exercise by the vendor of the first ground for defense and the Hymers Lumber Company by the judicial sale disappeared as a factor in determining the rights and obligations of parties. When Saunders bought the timber at the sale and paid the price, the only interest which the Hymers Company had in the matter was to receive the surplus of price, if any there should be after the payment to Y. C. Palmer of the balance still due to him and the costs. The sale brought to the front new parties under new conditions. Saunders' rights and obligations sprang into existence by the sale and were fixed and determined by the terms of the judicial sale to him. The conventional obligations which had been stipulated to result from payment by the Hymers Company of its entire price and the continuance of its ownership for five years after its purchase disappeared. Saunders, as purchaser at the sale, had nothing to do with them. His rights and his obligations were fixed by and to be gauged and tested by the terms of the sale to him. The purchase of the timber by Saunders under judicial proceedings taken by Y. C. Palmer carried with it the right to him of the necessary means to make that purchase effective, and imposed upon Y. C. Palmer the obligations of throwing no obstacle in the way of that being done. Saunders acquired a right of ownership in the timber free from all conventional stipulations as to the removal of the same. Y. C. Palmer, having caused the judicial sale of the timber to be made for cash in enforcement of his own rights with no reference whatever to limitations upon his legal rights as to the removal of the timber, waived the right, if any he might have had, to throw upon the purchaser the continuance of the obligations which the Hymers Company had consented into to remove the timber within five years from its purchase.

Y. C. Palmer's only right as owner of the land was to call upon Saunders to remove the timber within a reasonable time. He did not do so, but cut off his rights in that respect by selling the land to G. J. Palmer.

G. J. Palmer acquired the land from his brother, and that alone. He acquired no right to the timber by his purchase of the land. He knew that it had been sold, for he was a witness to the sale by which the Hymers Company bought it, and which act was duly recorded, and, besides, his purchase of the land for $300, when the timber itself had been sold to Saunders for $750, would of itself have carried knowledge to him that he was not buying timber as well as land for $300. He must have known that a purchase of land and timber for $300 would have subjected his purchase to the rules of lesion. The plaintiff is conceded to be the owner of the land upon which the timber is now standing. He has doubtless, as such owner, rights in respect to the removal of the timber; but he has not a right of ownership to the timber as resulting from its not having been removed under the original obligation of the Hy-

mers Lumber Company, to have removed it within five years from its purchase. That is the only issue now before us.

If plaintiff's contention in this case were correct, it would have followed that a purchase by Saunders at a judicial sale provoked by Y. C. Palmer as against the Hymers Company, a week before the expiration of the time limit of five years granted to it for removal of the timber, would have required him to have removed the timber within the next week.

The judgment appealed from is erroneous and must be reversed.

It is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby annulled, avoided, and reversed, and plaintiff's suit is hereby dismissed, at his cost.