(86 South. 727)

No. 22844.

### BROWN v. MINDEN LUMBER CO. et al.

(Nov. 29, 1920.)

*(Syllabus by Editorial Staff.)*

Logs and logging ⬡⇒2—Vendor conveying land subsequent to sale of timber held to have conveyed reversionary interest in timber.

Owner, having sold standing timber under contract requiring removal within specified period, by subsequent conveyance of land by deed conveying "all the rights of warranty and other rights held therein by said vendor," divested himself of all interest in the property, including both land and timber.

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; W. T. Cunningham, Judge.

Action by D. J. Brown against the Minden Lumber Company and others. Judgment for defendants, and plaintiff appeals. Affirmed.

J. W. Jones, Jr., of Natchitoches, for appellant.

Henry Moore and A. L. Burford, both of Texarkana, Tex., and White, Holloman & White, of Alexandria, for appellees.

DAWKINS, J. On January 16, 1905, the plaintiff, David J. Brown, being the owner in fee simple of the N. ½ of N. W. ¼ of sec. 2, Tp. 13 N., R. 6 W., sold to A. R. Johnson the merchantable timber thereon, 10 inches and above in diameter at the stump, with a period of 10 years in which to remove it; Johnson sold to the Bodcaw Lumber Company May 26, 1906; March 9, 1908, Brown sold the land (no mention whatever being made of the timber) to W. M. Hughes, with the following stipulation of warranty:

"To have and to hold the said described property unto the said purchaser, his heirs and assigns, in full warranty forever, free from any lien, mortgage or incumbrance whatever, with full and general warranty of title and with full subrogation to all the rights of warranty and other rights as held therein by said vendor."

On May 16, 1910, Hughes sold the land to W. H. Readhimer.

Subsequently, and before expiration of the time for removing the timber, the Bodcaw Lumber Company, transferred it (the timber) to the Minden Lumber Company, defendant, and Readhimer likewise conveyed the land to the said defendant. The deeds were sent to the recorder of Natchitoches parish for recordation, but for some reason they were never placed on record, and, not being able to find them, the Minden Lumber Company advertised therefor, and, after the filing of this suit, obtained from both the Bodcaw Lumber Company and Readhimer acts of acknowledgment and ratification covering the timber and land respectively. Defendant filed in evidence, after making proof of the execution and forwarding of the original deeds to the recorder, the said acts of acknowledgment and ratification, and they were received

without objection by plaintiff, and an admission was written into the record with reference thereto on the trial below as follows:

"Hereupon plaintiff admitted that the two deeds in question were duly executed, the price thereof duly paid, and that they were duly sent to D. J. Hyams, clerk of the district court, Natchitoches parish, La., in a sealed envelope, and addressed to him there, postage prepaid, to be recorded."

Plaintiff brings this suit seeking to be decreed the owner of the timber. There was judgment for defendants in the lower court, and plaintiff appeals.

It would seem clear, from the above recital of the facts, that the plaintiff had divested himself of all interest in the property, including land and timber; and, regardless of who may be the present owner of either, he has no standing to maintain this suit. Shreveport v. Marks, 117 La. 143, 41 South. 444; Louisiana Dig. vol. 5, p. 926, verbo Petitory Action, § 22.

Quite a number of authorities have been cited by plaintiff to the point that the ownership of the timber may be vested in one person and the land in another, but they clearly have no application to the present case. Even if it could be said that the sale of the timber with a fixed time for its removal, and the subsequent sale of the land without mention of the reversionary rights in the timber, left the ownership of the timber in the original vendor, we think the clause in the deed to Hughes for the land, above quoted, in which he conveyed "all the rights of warranty and other rights held therein by said vendor," was so all-inclusive in its scope as to preclude any possibility of doubt as to the intention of the parties, regardless of what the legal effect might have been otherwise.

For the reasons assigned, the judgment appealed from is affirmed, at the cost of appellant.

O'NIELL, J., concurs in the decree.