OVERTON, J.
 

 This suit was instituted for several purposes. One of them is to recover the standing timber on a large number of acres of land, lying in the parishes of Rap-ides and Grant, and another is, in the event plaintiffs should not be recognized as the owners of the timber, then to have a time fixed within which those of the defendants who may be recognized as the owners of it shall be required to'remove it. The two demands mentioned, in stating > foregoing purposes, are the only ones presented to us or discussed" on this appeal.
 

 Defendants excepted to that part of the' petition which sets out the demand for the timber, on the ground that it discloses no cause or right of action. This exception was sustained by the trial court, and the part of the demand against which the exception was directed was dismissed. Defendants then filed an answer to that part of the demand remaining, in which they admitted that plaintiffs are the owners of the land, and in which they avér that they are entitled to at least IS months within which to remove the timber. Judgment was rendered, granting the time
 
 *273
 
 requested. Both of these judgments are before us for review.
 

 It appears from the allegations of plaintiffs’ petition and the documents attached thereto that, on June 29, 1917, the Enterprise Lumber Company sold all of the standing pine timber on the land referred to above to J. B. Gillis. This sale contains the following provision, to wit:
 

 “It is agreed and understood by the parties to this contract that the said Gillis shall commence to cut and remove the hereinabove described timber from all said lands by January 1, 1918, and that he shall have three years from July 1, 1917, in which to cut and remove the timber from off said lands, and any timber remaining on said lands after said date shall revert back to the Enterprise Lumber Company, Ltd.”
 

 It also appears from the allegations of plaintiffs’ petition and the documents attached thereto that on November 10, 1919, the Enterprise Lumber Company sold, with full warranty of title, to Okey L. Hickman, trustee, who was trustee for himself and the remaining plaintiff, certain land, which included in part the land on which the timber was located that was sold to Gillis. The sale contains the following provision, to wit:
 

 “From the above-described tract of land there is excepted all the timber being, lying and situated on that certain tract of land as described in the contract between the Enterprise Lumber Company, Limited, and J. B. Gillis, duly of record in Con. Book 81, page 519, of the Records of Rapides Parish, La., and all other reservations as may be shown by abstract of title.”
 

 It also appears from the allegations of plaintiffs’ petition and the documents attached thereto that on February 10, 1920, before the expiration of the time that had been given Gillis to cut and remove the timber, the Enterprise Lumber Company sold the timber, standing on the tract of land, described in the deed to Gillis, to W. D.-Hill and Gus A. Yoltz, without fixing the time within which the timber should be removed, and thereafter, on November 7, 1921, Hill and Yoltz sold the timber, standing on said land,, to the Hill-I-Iayes Company, Incorporated,, without fixing the time within which it should be cut.
 

 The time granted by the Enterprise Lumber Company to Gillis to cut and remove the timber expired on> July 1, 1920. As plaintiffs ón that date were the owners of the land,, having acquired it from the Enterprise Lumber Company, their contention is, that all of the timber sold to Gillis, which had not been removed by him on that date, reverted to-them, as the owners of the land, there being nothing in the contract of sale conveying the land to them to the contrary, but, instead, provisions which, if given their proper effect, justify the conclusion that the timber remaining on that date did revert to them. The position of defendants is that under the terms-of the reservation made in the sale by the Enterprise Lumber Company to plaintiffs the timber, after the expiration of the date mentioned, reverted to the Enterprise Lumber-Company or to its vendees. ,
 

 The determination of this phase of the case necessarily involves, therefore, an interpretation of the exception in the sale of the land to plaintiffs. As we have seen, that exception reads:
 

 “From the above described tract of land there is excepted all the timber being, lying and situated on that certain tract of land as described in the contract between the Enterprise Lumber Company; Limited, and J. B. Gillis, * *
 
 *
 
 and all other reservations as may be shown by abstract of title.”
 

 By this exception it is clear to us that the Enterprise Lumber Company excepted from the sale to plaintiffs all the timber described in the contract with Gillis whether Gillis should fail to remove it or not, for it was all the timber described in that contract that was excepted, and not a part of it. As the timber described in that contract was “all the pine timber being, lying and standing” on the
 
 *275
 
 land described therein, it follows that the reservation made in the sale to plaintiffs, conveying the land, excepts from the sale all of the pine timber lying and standing on that land, and, as all of the pine timber was so excepted, it also follows that, not only the timber was excepted which' Gillis might remove within the time fixed in his contract, but al■so that which would revert, under the terms of his 'contract, should he fail to cut it within the time prescribed. Hence, as all of the timber on said land was excepted from the sale to plaintiffs, whether removed or not, plaintiffs acquired no reversionary right to any part of the timber that Gillis failed to cut. See Woods v. Union Sawmill Co., 142 La. 554, 77 So. 280. It might be otherwise, we think, had the exception read," for instance: “There is hereby excepted from said sale all the timber sold to Gillis.” It might then be argued that, as the Enterprise Lumber Company sold to Gillis only so much of the timber as Gillis might remove within the time fixed, such' being the interpretation usually given to such contracts as the one made with him, the exception included only •such timber as Gillis might remove within that time, and that the rest, not being ex. cepted, was conveyed with the land. But the contract does not so read. However, it may ■be said that many of the authorities cited by plaintiffs from other jurisdictions may be differentiated from the case at bar on that theory.
 

 Plaintiffs, as we have said; have cited a number of cases from other jurisdictions in support of their position that the timber remaining on the land after the expiration of the time fixed for its removal reverted to them as the owners of the land. We have examined these authorities, but find that the exceptions in the sales of the lands involved in those cases were so worded as to make the authorities cited inapplicable to the case at bar. We have also examined the cases cited by plaintiffs from this jurisdiction, and do not find them pertinent'. In the case of Palmer v. Vernon Lumber Co., 125 La. 31, 51 So. 58, it appears that Y. C. Palmer sold to the Hymers Lumber Company, partly for cash and partly on terms of credit, the timber on certain land, giving to the vendee five years in which to remove the timber. The credit installments were not paid at maturity, and Y. 07 Palmer caused the timber to be seized and sold to satisfy them. The sale was made without any time being fixed for the removal of the timber; D. C. Saunders' becoming the purchaser thereof. Saunders later sold, the standing' timber to the Vernon Lumber Company, and thereafter Y. C. Palmer sold the land to G. J. Palmer. After the expiration of the five years granted to the Hymers Lumber Company to remove the timber, G. J. Palmer, as the owner of the land, brought suit to be decreed the owner of the timber on the ground that the timber had not been removed within the time granted the Hymers Lumber Company. The only question was whether G. J. Palmer was entitled to a decree declaring him to be the owner of the timber. There is no reference in the opinion to any clause in the sale to G. J. Palmer excepting the timber from the sale, and the presumption is that there was none., The court held that—
 

 “Y. C. Palmer [who was the owner of the land at the time of the judicial sale], having caused the judicial sale of the timber to be made for cash in enforcement of his own rights with no reference whatever to limitations upon his legal rights'as to the removal of the timber, waived the right, if any he might have had, to throw upon the purchaser the continuance of the obligations which the Hymers Company had consented [entered] into to remove the timber within five years from its purchase.”
 

 In other words, the court held that, as’ Saunders had acquired the timber at a judicial sale, provoked by the owner of the land, without the fixing of any time limit for the removal of the, timber, and as Saunders had sold the right acquired by him to de
 
 *277
 
 fendant, defendant had an indefinite time within which to remove the timber. As that time had not been limited by agreement or judgment of court since the sale, the court held that the defendant still had an indefinite time within which to remove the timber, and hence that G. J. Palmer could not recover it. As there is no reference in the case to any clause excepting the timber in the sale of the land to G. J. Palmer, the case has no application to the question here involved.
 

 In the case of Brown v. Minden Lumber Co., 148 La. 175, 36 So. 727, also cited by plaintiffs, it appears that the plaintiff in that case, who was the owner of certain land with the timber growing thereon, sold the timber to Johnson, limiting the time within which Johnson was to remove it; that Johnson sold the timber to the Bodcaw Lumber Company; that the Bodcaw Lumber Company sold it to .the defendant; that Brown sold the land, no mention being made whatever of the timber, and, after the expiration of the time fixed for its removal, instituted suit to' recover the timber still remaining on the land. The court held that plaintiff had divested himself completely of both the land and the timber, and said:
 

 “Even if it could he said that the sale of the timber with a fixed time for its removal, and the subsequent sale of the laud without mention'of the reversionary rights in the timber, left the ownership of the timber in the original vendor, we think the clause in the deed to Hughes for the land, above quoted, in which he conveyed ‘all the rights of warranty
 
 and other rights
 
 held therein by said vendor,’ was so all-inclusive in its scope as to preclude any possibility of doubt as to the intention of the parties, regardless of what the legal effect might have been otherwise.” (Italics ours.)
 

 It is clear that this case has no application to the question here presented, for not only was the timber not excepted in selling the land, but, moreover, the plaintiff in selling it expressly transferred not simply his action of warranty therein, but all other rights held by him in the land which latter’ clause, of course, included his reversionary right to the timber.
 

 The case of Burkholder v. Consolidated-Progressive Oil Corporation, 149 La. 830, 90 So. 212, which is also cited by plaintiffs, is not in point. The facts are materially different from those in the present case.
 

 Plaintiffs also contend that, as the conveyance to them is a conveyance “free from all incumbrances,” it carries with it every element of ownership of the Enterprise Lumber Company in the land, including the reversionary right to the timber. While the ileed does contain the phrase quoted, yet tha-t phrase is followed (the description of the land intervening) by the clause that excepts from the sale the timber on the land described in the Gillis contract. In our view, the phrase has not the effect contended, for. The exception that follows limits it, and shows that the land was conveyed subject to the incumbrance flowing from, that exception, to • the full extent of the exception.
 

 Plaintiffs also urge that, as the Enterprise Lumber Company sold them or their trustee, in the same sale, land other than that described'in the Gillis contract, without excepting the timber thereon, this emphasizes that it was not the intention of that company to exclude from the conveyance to them the timber which might revert under the Gillis contract. We do not so conclude. The fact that they did not except the timber on the other land, conveyed by them, simply shows that they intended to convey the timber on the land not included in the exception, but it shows nothing more.
 

 For the foregoing reasons our conclusion is that the exception of no cause .of action was correctly sustained in so far as it relates to the timber described in the Gillis contract. However, plaintiffs call our attention to the fact that the sale to them includes other land bésides that described in the Gillis contract, and that the allegations
 
 *279
 
 of their petition are sufficient to cover the timber on that land, and that the trial court erred, at least to that extent, in sustaining the exception. This is correct. 'The exception should be overruled to the extent mentioned.
 

 We now reach the second judgment— the one fixing the time for the removal of the timber. Defendants have filed -an answer to the appeal from this judgment praying that the judgment be amended by fixing the time for removing the timber at 18 months, to date from the day this judgment is handed down. While it is true that this phase of the case was tried on an agreed statement of facts showing that 18 months from the date of the agreement was a reasonable time within which to remove the timber, and while it is true that the judgment was appealed from only devolutively, still we think that defendants are entitled to the amendment. We so think, because in • our view, during the pendency of the appeal, although -it was only a devolutive one, the time fixed for removing the timber did not run. This is so, for, while defendants might have cut and removed the timber, pending the appeal, yet they could have done so only at their peril. The principle here applied has been recognized ^ith respect to oil leases, for as to them it has been held that the period of litigation should not be included in determining when such leases expire. Fomby v. Columbia County Development Co., 155 La. 705, 99 So. 537; Gulf Refining Co. v. Hayne, 148 La. 340, 86 So. 891; Standard Oil Co. v. Webb, 149 La. 245, 88 So. 808. We think that the same principle is applicable here.
 

 For the reasons assigned it is ordered, adjudged, and decreed that the judgment sustaining said exception of no cause or right of action be annulled and set aside only in so far as it affects the timber on said land, not included in said Gillis contract, and that said exception to that extent be overruled, and it is further ordered that said judgment fixing the time for removing said timber be amended so as to fix said time at 18 months, to date from the day this judgment is handed down, and it is further ordered that in all other respects both of said judgments be affirmed and that this case be remanded to the lower court in order to dispose of it in so far as the judgment first named has been set aside, defendants to pay the costs of appeal.