(126 So. 52)

No. 30292.

**BODCAW LUMBER CO. OF LOUISIANA, Inc., et al. v. CLIFTON HEIRS.**

**In re BODCAW LUMBER CO. OF LOUISIANA, Inc., et al.**

Jan. 6, 1930.

Henry Moore, Jr., of Texarkana, Ark., and White, Holloman & White, of Alexandria, for applicants.

H. W. Ayres, of Jonesboro, for respondents.

OVERTON, J. The Bodcaw Lumber Company of Louisiana, Inc., acting under the belief that it was the owner of the pine timber on the southeast quarter of the southwest quarter of section 20, township 13 north, range 5 west, situated in the parish of Winn, graded a tramroad across, and started to cut the pine timber on this land, when defendants objected. When defendants, who are the heirs of Mrs. Minnie L. Clifton, deceased, protested, the Bodcaw Lumber Company brought this suit to have itself decreed the owner of the pine timber on the land described above, and were joined in the suit by the Mansfield Hardwood Lumber Company of Louisiana, Inc., who sued to be recognized as the owner of the land, without the pine timber thereon.

There was judgment in the district court in favor of the Bodcaw Lumber Company, recognizing it as the owner of the pine timber, and in favor of the Mansfield Hardwood Lumber Company, recognizing it as the owner of the land, less the pine timber. On appeal, the Court of Appeal for the Second Circuit (123 So. 486) amended the judgment of the district court by recognizing defendants as the owners of the pine timber, and the Bodcaw Lumber Company, still asserting title to that timber, has brought the judgment here for review.

There is no dispute concerning the ownership of the land. That question has passed out of the case. The only question to be decided is the ownership of the pine timber. As the Bodcaw Lumber Company did not cut the timber within the time fixed by the first deed by which it acquired title, and as the land, in the meantime, had passed out of the hands of the person who owned it, the answer to the question depends on to whom did the timber revert at the expiration of the period for removing it, to defendants, as the heirs of Mrs. Clifton, or to the owner of the land at the time the period for removing the timber expired, from whom the Bodcaw Lumber Company acquired the timber by its second purchase.

It appears that, on May 1, 1906, Miss Simma Clifton, the owner of both the land and the timber, sold the merchantable pine timber thereon, 12 inches and greater at the stump, to the Bodcaw Lumber Company, granting that company 10 years within which to remove the timber, and granting a right of way over the land for the purpose of removing it. This deed was duly recorded on May 9, 1906.

On September 1, 1906, approximately four months after the execution of the foregoing timber deed, the same vendor, Miss Simma Clifton, sold the land, without mentioning the timber, to her mother, Mrs. Minnie Clifton, from whom defendants claim the timber by inheritance. This deed was duly recorded on September 3, 1906.

On September 18, 1907, Mrs. Minnie Clifton sold the land to N. M. Hyde, under the following description, making direct reference to the timber, in the following terms, to wit: "The southeast quarter of the southwest quarter of section 20, township 13 north, range 5 west, less the pine timber on said land, all other timber included in this deed, together with all the improvements thereon, said land sold with full legal warranty of title, and with full subrogation to all rights of warranty and all other rights held therein by said vendor." This deed was duly recorded on October 8, 1907.

On May 6, 1912, by deed recorded February 10, 1913, N. M. Hyde sold the land, less the pine timber thereon, and subject to the reservation of all mineral rights, but with

full subrogation to all other rights held by him in the property, to the Mansfield Hardwood Lumber Company.

Later, the Bodcaw Lumber Company again bought the timber this time from a transferee of the Mansfield Hardwood Lumber Company. The Mansfield Hardwood Lumber Company, at the time the 10-year period expired for removing the timber, under the first acquisition made of it by the Bodcaw Lumber Company, was, and for that matter still is, the owner of the land.

It is not questioned that, if the reversionary right to the timber followed the land under the foregoing transfers of the land, the Bodcaw Lumber Company is entitled to the pine timber, and that defendants then have no interest in it.

The rule in this state is that, when the time fixed in a deed to standing timber for the cutting and removal of the timber, conveyed, has expired, without the purchaser having cut and removed it, the timber reverts to the owner of the land, in the absence of a clear expression to the contrary. Hammond Lumber Co. v. Hilgner, 156 La. 229, 100 So. 407; Ward v. Hayes-Ewell Co., 155 La. 15, 98 So. 740. As the timber, not removed within the time specified, reverts to the owner of the land, it follows that the reversionary right to it, in the absence of a clear expression to the contrary, follows the ownership of the land.

There being nothing in the deed to the contrary, when Miss Simma Clifton sold the land to her mother, Mrs. Minnie Clifton, through whom defendants claim by inheritance, the reversionary right to the timber passed from Miss Clifton to her. Moreover, as this deed made no mention whatever of the timber, the timber itself passed, as between Miss Clifton and her mother, to the latter; but, as the Bodcaw Lumber Company had a deed to the timber of record at the time of the sale to Mrs. Clifton, the transfer of the timber to her was null as to the Bodcaw Lumber Company, and all Mrs. Clifton acquired, as relates to it, was the reversionary right to it, which she acquired by reason of the fact that the sale, although null as to the Bodcaw Lumber Company, transferred the timber to her, as well as by reason of the fact that this right followed the ownership of the land.

Therefore, if Mrs. Clifton had retained the ownership of the land, the defendants unquestionably would be entitled to the timber, under the reversionary right of their mother to it. However, as Mrs. Clifton sold the land to Hyde, without the pine timber, the title to which was vested in another, without any clause indicating her intention to retain the reversionary right to the timber, which had been sold by her vendor, that right passed to Hyde with the land. Not only did the reversionary right to the timber pass to Hyde for that reason, but also because, in making the sale of the land, she did so with full subrogation to all her rights of warranty and all other rights held in the land by her. The expression, "all other rights held in the land by her," or, as expressed in the deed, "all other rights held therein by said vendor," was sufficient to convey, and did convey, the reversionary right, which she had to the timber, which was an incident of her ownership of the land. Brown v. Minden Lumber Company, 148 La. 175, 86 So. 727.

Hence, as Mrs. Clifton parted with her reversionary right to the timber before the period for removing it expired, the timber did not revert to her, and therefore defendants, as her heirs, have no claim to it whatever.

The ruling here made is not in conflict with the ruling made in the case of Hickman

v. Enterprise Lumber Co., 159 La. 270, 105 So. 340, 42 A. L. R. 635. In that case there was excepted in the sale of the land all of the timber on a certain tract of land described in a contract between the Enterprise Lumber Company and J. B. Gillis, and all other reservations as may be shown by abstract of title. The contract referred to in that sale specifically provided that, should the timber not be cut within the time specified, it should revert to the Enterprise Lumber Company. As the sale was made by reference to the contract disposing of the timber, that contract, with its specific reversionary clause, became by reference a part of that sale. Lawler v. Bradford, 113 La. 415, 37 So. 12; Lee v. Long, 166 La. 1084, 118 So. 320. As the sale to Hickman excluded "all other reservations as may be shown by abstract of title," and as the provision in the timber deed, relating to the reversionary clause in favor of the Enterprise Lumber Company, was obviously included in that reservation, it was properly held that the timber reverted to that company. The facts in that case, which should be considered in construing what was said, differentiate it from the present case. The case of Southern Pine Lumber Co. v. Martin, 274 S. W. 181, cited by the Court of Appeal, was reversed by the Supreme Court of Texas. Martin v. Southern Pine Co. (Com. App.) 284 S. W. 918.

As the Bodcaw Lumber Company bought the timber from one who had acquired title to it from a transferee of the Mansfield Hardwood Lumber Company, to whom the timber had reverted as the owner of the land, the Bodcaw Lumber Company is entitled to it.

For these reasons, the judgment under review, so far as it amends the judgment of the district court, by recognizing defendants as the owners of the timber, is set aside, and the

judgment of the district court, recognizing the Bodcaw Lumber Company as the owner of it, is reinstated, and made the judgment of this court.