HAMITER, Justice.
 

 These two cases, consolidated in the district court and in this court, and docketed here under one number, involve a dispute over timber on a certain tract of land located in Vernon Parish.
 

 The Kirby Lumber Corporation initiated the litigation by instituting suit No. 11,415, on the docket of the District Court of Vernon Parish, against Henry Day Cain, the Anderson-Post Hardwood Lumber Company, Inc., and others. The petitions (an original and two supplementals) alleged plaintiff’s ownership of the disputed timber under and by reason of a timber deed executed by Henry Day Cain on October 30, 1929, and they further set forth that the defendants were cutting and removing the timber without any right to do so.
 

 In connection with that suit, and as prayed for by the Kirby Lumber Corporation, the court directed the issuance of temporary restraining orders and further decreed that defendants be ruled to show cause why preliminary writs of injunction should not issue. Also, there was obtained by such plaintiff a writ of sequestration under which numerous logs already cut were seized; and thereafter these logs were released to it upon the furnishing of a bond.
 

 Meanwhile, the Anderson-Post Hardwood Lumber Company, Inc., brought suit No. 11,436, on the docket of the District Court of Vernon Parish, in which it asserted ownership of the disputed timber, under a contract of sale from Henry Day Cain, and sought injunctive relief against the Kirby Lumber Corporation. As prayed for, it obtained a temporary restraining order and the issuance of a rule nisi for a preliminary writ of injunction.
 

 The several rules to show cause, issued in the respective suits, were consolidated and in due course heard together. At the hearing considerable evidence was introduced, much of which concerned the merits of the litigation; but, as shown by the record, it was understood and agreed by all counsel that the two suits were not to be submitted at that time for adjudication on their merits.
 

 Notwithstanding this agreement of counsel, the court, at the conclusion of the hearing on the rules nisi, passed upon the merits of the litigation, holding that Kirby Lumber Corporation had never acquired title to the disputed timber. Consequently, there
 
 *531
 
 was judgment rendered and signed dismissing the suit of that litigant, dissolving its temporary restraining orders and writ of sequestration, and recalling and setting aside its rules to show cause. There was further judgment directing that, upon the furnishing of bond in the sum of $500, a preliminary writ of injunction be granted in suit No. 11,436 to the Anderson-Post Hardwood Lumber Company, Inc. Additionally, the court awarded to the latter and to Plenry Day Cain certain damages against the Kirby Lumber Corporation for the wrongful issuance of the temporary restraining orders and the writ of sequestration.
 

 Thereafter, on the application of Kirby Lumber Corporation, the district court granted this suspensive appeal, and it ordered all proceedings in the two cases stayed during the pendency of the appeal.
 

 The first complaint offered here by appellant is that the court erred: “In rendering a final judgment on the merits and deciding the ownership of the timber when the hearing was limited and the cases were only submitted on rules to show cause why preliminary writs of injunction should not issue.”
 

 And in support of this complaint it is stated by appellant’s counsel: “Counsel for appellant and counsel for appellee advised the court at the time the evidence was about concluded that the cases were only being submitted on rules to show cause why preliminary writs of injunction should not issue, when the court inquired and suggested that the cases be submitted on the merits. Counsel for appellant advised the court that appellant could not submit the case on the merits, because there were certain phases of it on.which Kirby Lumber Corporation, appellant, had offered no evidence, and that the case was only being submitted on whether or not the preliminary writs of injunction should issue (see statement of court and counsel, Tr. vol. 1, pages 236-237).”
 

 This statement is fully borne out by the record and also by the brief of counsel for Anderson-Post Hardwood Lumber Company, Inc., from which we quote the following: “The matter was not then tried on the merits and has not yet been tried on the merits, even though the attorney for Kirby Lumber Corporation contends that it was. In fact, when the Judge later made a suggestion that the whole thing be submitted on the merits, the Kirby Lumber Corporation’s attorney refused to do so (Tr. 236 and 237).”
 

 Since these cases were not submitted for a decision on their merits the district court was without authority to hold (as was done) that the Kirby Lumber Corporation had no title to the timber and, as a consequence, to dismiss the suit of that litigant and dissolve its writ of sequestration. The only question actually presented by the rules nisi (consolidated for'the hearing) was whether or not each of the claimants had made a showing sufficient to en
 
 *532
 
 title it to injunctive relief pending a consideration of the issue of ownership of the timber, a matter that can be determined only on a trial of the merits. Succession of Levins, 184 La. 825, 167 So. 454; Ridge Park, Inc., v. Police Jury of Jefferson Parish et al., 210 La. 351, 27 So.2d 128.
 

 In the two suits each of the plaintiffs alleged both a right and a cause of action. And the evidence adduced on the hearing of the rules, together with the allegations of the respective petitions, was sufficient to justify the protecting of each by a preliminary writ of injunction until the merits of the cases could be tried and the issue of ownership properly presented and determined. Accordingly, we conclude that the district court erred with respect to the demands of Kirby Lumber Corporation in suit No. 11,415; it correctly ordered, however, the issuance of the preliminary writ of injunction in favor of the Anderson-Post Hardwood Lumber Company, Inc., in suit No. 11,436.
 

 For the reasons assigned, with respect to suit No. 11,415, on the docket of the District Court of Vernon Parish, the judgment is reversed and set aside, the motions to dismiss the temporary restraining orders and the exceptions of no right and no cause of action are overruled, the motion to dissolve the writ of sequestration is referred to the merits, and the district judge is directed to cause the issuance of preliminary writs of injunction in favor of Kirby Lumber Corporation, as prayed for, on its furnishing bond to be fixed by him. With respect to suit No. 11,436, on the docket of the mentioned court, the judgment ordering the issuance of a preliminary writ of injunction in favor of Ander. son-Post Hardwood Lumber Company, Inc.,, is affirmed. ■ And the cases are remanded to the district court to be proceeded with-according to law and in a manner not inconsistent with the views herein expressed.
 

 The costs of this appeal shall be paid by appellees. All other costs shall await the-final determination of the litigation.
 

 O’NIELL, C. J., absent.