68 So.2d 913 (1953)
CHICAGO MILL & LUMBER CO. et al.
v.
LEWIS.
No. 8070.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1953.
Rehearing Denied December 29, 1953.
Writ of Certiorari Denied February 15, 1954.
*914 Alwine L. Mulhearn, Tallulah, for appellant.
Sevier, Yerger & Sevier, Tallulah, for appellees.
GLADNEY, Judge.
The Chicago Mill and Lumber Company and Ayer Timber Company, Inc., instituted this action to enjoin George N. Lewis, the landowner from cutting and removing timber and interfering with plaintiff in the cutting and removal of the timber on certain land in Madison Parish.
Plaintiffs allege that they are the owners of the timber on the Southeast Quarter (SE¼) of Section Thirteen (13), in Township Fifteen (15) North, Range Nine (9) East; the Southeast Quarter (SE¼) of the Northeast Quarter (NE¼) of Section Twenty-Four (24) in Township Fifteen (15) North, Range Nine (9) East; the South Half (S½) of the South Half (S½) of the Northwest Quarter (NW¼) of Section Eighteen (18) in Township Fifteen (15) North, Range Ten (10) East; and the Southwest Quarter (SW¼) of the Northwest Quarter (NW¼) of Section Nineteen (19), in Township Fifteen (15) North, Range Ten (10) East, all situated in Madison Parish, Louisiana, which land was purchased by George N. Lewis from Ayer Timber Company, Inc., on the first day of November, 1940, and in which deed the Ayer Timber Company, Inc. reserved all timber of whatsoever kind and character, standing growing, or lying on said property; that Ayer Timber Company, Inc. reserved said timber in an act of sale to Lewis; that George N. Lewis has wrongfully, knowingly, and illegally cut and removed some timber from the described land and refuses to allow timber cruisers to enter upon the land *915 for the purpose aforesaid. The deed from Ayer Timber Company, Inc., to George N. Lewis of November 1, 1940, contained the following provisions:
"It is understood and agreed that this vendor hereby reserves all the merchantable timber of whatsoever kind and character now standing, growing or lying upon said property, and this sale is made subject to all clauses and conditions and subject to the rights of the vendee, its successors or assigns, in and to the so-called Basic Contract between Ayer Timber Company, Inc., a Louisiana corporation, and the Mississippi Valley Timber Company, an Arkansas corporation, dated the 28th day of October, 1918, having reference to the purchase and removal of the timber, as amended between the same parties by written agreements dated February 15, 1922, July 11, 1922, October 27, 1923, and October 10, 1925, as assigned by a written agreement between said Ayer Timber Company, Inc., said Mississippi Valley Timber Company, and Chicago Mill & Lumber Co., an Illinois corporation having its principal place of business in Chicago, Illinois, as assignee, dated May 24, 1926, and as amended by written agreements between said Ayer Timber Company, Inc., and said Chicago Mill and Lumber Company dated November 1, 1926, and August 3, 1927, and subject to any and all other agreements relative to the timber between said vendor and subsequent parties, which said amendments and agreements and assignments are hereby by express reference made a part hereof to and with the same and like effect as though set out in full herein.
"It is further understood and agreed that nothing herein done shall be construed to entitle the vendee to receive any payments provided to be made to the party of the first part, its successors or assigns, pursuant to the terms of said contracts and agreements hereinabove last referred to, or pursuant to any amendments, assignments or alterations thereof which may now be in force or which may subsequently be executed between the parties thereto, or any of them, it being distinctly understood that this sale is made subject to all rights of way granted in any of the above agreements or any other rights of way heretofore granted by this vendor, and subject to the necessary rights of way incidental and necessary for the cutting and removing of the timber located on this property.

* * * * * *
"It is further understood and agreed that the vendee shall not commit or suffer or permit any waste of timber on said land, and shall clean, pile and burn, or otherwise destroy or remove, all brush and other debris from trees that shall be cut upon the above described premises, as well as all brush cut thereon, at such times and in such manner as to prevent the starting and spreading of fires; shall set no such fires during the time of extreme drouth or high winds, and shall carefully watch such fires when set so as to keep the same from spreading, and shall do all such precautionary things as may be necessary to prevent such fires from spreading either on the above described lands or on to adjoining lands.
"All taxes or lines of whatsoever character now due and exigible or to become due and exigible upon said property are to be paid by this vendee."
On the return day of the rule requiring the defendant to appear and show cause why a preliminary writ of injunction should not issue, counsel for the defendant appeared in court and requested a continuance which was granted to May 1, 1953, at which time counsel stated she would file an answer to the rule for a preliminary injunction on that date. The court minutes reflect that counsel for both sides and the trial judge agreed that on May 1, 1953, the only issue to be tried was upon the issuance of a preliminary injunction.
At the appointed time defendant answered denying generally the allegations of the petition but admitting his refusal *916 to permit plaintiffs to cut any timber; and in reconvention he averred that he was the owner of all the timber on the property above described, the timber having a present value of $1,600. He stated Ayer Timber Company, Inc., on October 28, 1918 sold to Mississippi Valley Timber Company the timber on said land, which vendee, and its successors and assigns were granted a time limit for 25 years from October 1, 1919, in which to remove the timber sold; that the time within which timber could be removed from said land under said contract has expired and the title to the timber has reverted to the owner of the land, George N. Lewis. Respondent avers alternatively that plaintiffs cut over all of the property owned by him during the years 1935, 1936, and 1937, and having exercised their cutting rights they cannot again cut over the land. Pleading again alternatively defendant asks that the court fix a time in which plaintiffs can remove any timber the court might hold to be owned by plaintiffs.
Following the hearing on the rule for the issuance of a preliminary writ of injunction the judge a quo rendered judgment in favor of plaintiffs and against defendant, forever enjoining him "from in any way interfering with plaintiffs, their agents and employees, in going upon said lands and in the cutting and removal of timber therefrom, all timber thereon belonging to plaintiffs, and restraining the said defendant Lewis from cutting and removing any timber belonging to plaintiffs. The plaintiffs herein are ordered to remove all merchantable timber from said tract of land in question by May 1, 1954; costs to be paid by defendant * * *." From the judgment defendant has perfected devolutive and suspensive appeals.
Appellant's first contention is that the trial court was in error in passing upon the merits of the suit by issuing a permanent injunction. The record shows the only question actually submitted and presented for decision was whether there was sufficient evidence adduced to justify the issuance of a preliminary writ of injunction until the merits of the case could be tried and the issue of ownership of the timber could be properly presented and determined. The court was in error in giving its consideration to the merits and in doing so exceeded the proper scope of its examination and findings. See: Dunham v. Town of Slidell, 1913, 133 La. 212, 62 So. 635; Succession of Levins, 1936, 184 La. 825, 167 So. 454; Ridge Park, Inc. v. Police Jury of Jefferson Parish, 1946, 210 La. 351, 27 So.2d 128, 129; Kirby Lumber Corporation v. Cain, 1948, 212 La. 1055, 34 So.2d 259; Terry v. Womack, 1944, 206 La. 1069, 20 So.2d 365; LSA-R.S. 13:4067.
Defendant's assertion of ownership of the timber rests on an assumption that the rights of plaintiffs thereto expired October 1, 1944, at the end of the 25-year period stipulated in the contract between Ayer Timber Company, Inc., and the Mississippi Valley Timber Company. It is argued that where, in a sale of standing timber, a time limit upon the right of the buyer to remove the timber is fixed in the deed, the title to the timber that is not removed within the time stipulated reverts to the landowner. This legal contention is sound and is well recognized in our jurisprudence, but is without application where the reserver stipulates by clear expression an intent to retain ownership of the timber. See: Bodcaw Lumber Company of Louisiana, Inc., v. Clifton Heirs, 1930, 169 La. 759, 126 So. 52; Big Pine Lumber Co. v. Hunt, 1919, 145 La. 342, 82 So. 363; Brown v. Minden Lumber Co., 1920, 148 La. 175, 86 So. 727; Ward v. Hayes-Ewell Co., 1924, 155 La. 15, 98 So. 740; Hammond Lumber Co. v. Hilgner, 1924, 156 La. 229, 100 So. 407; Hickman v. Enterprise Lumber Co., Ltd., 1925, 159 La. 280, 105 So. 343; Livaudais v. Williams Lumber Company, La.App., 1948, 34 So.2d 292.
In the recent case of Stanga v. Lake Superior Piling Co., 1948, 214 La. 237, 36 So.2d 778, 779, 780, Hamiter, J., in adhering to accepted legal principles relating to the effect of timber contracts, stated:
"The effect of the timber deed executed by Claiborne F. Stanga on February *917 23, 1916, was the creation in favor of defendant of an estate, separate and apart from the land, consisting of all of the then merchantable pine timber. Act No. 188 of 1904 [LSA-R.S. 9:1103]; Cooley v. Meridian Lumber Company, Limited, 195 La. 631, 197 So. 255; Clark v. Weaver Brothers Realty Corporation, 197 La. 63, 200 So. 821 (and cases therein cited). The failure to fix a time limit in the deed for the removal of such timber did not invalidate the conveyance; the omission may be supplied by application to the courts. Kavanaugh v. Frost-Johnson Lumber Company, 149 La. 972, 90 So. 275; Brown v. Hodge-Hunt Lumber Company, Inc., 162 La. 635, 110 So. 886. Moreover, the transaction was a sale of standing timber, not the granting of a servitude, and the landowner cannot have the timber declared forfeited to him, or successfully plead abandonment against defendant's rights under the contract, until the removal time limit has been fixed and has expired. Simmons v. Tremont Lumber Company, 144 La. 719, 81 So. 263. This, of course, is subject to the rule that if the vendee once removes the timber purchased (that which was merchantable on the date of the sale), the contract is terminated, and he cannot later go upon the cutover land and renew operations. American Creosote Works, Inc., v. Campbell, 172 La. 866, 135 So. 659; Taylor v. Southland Lumber Company, Inc., 162 La. 535, 110 So. 746; Clark v. Weaver Brothers Realty Corporation, supra."
From the foregoing authorities it can be seen that any claim of ownership to timber on the land possessed by Lewis depends upon the interpretation to be given to the reserve clauses contained in his deed of acquisition dated November 1, 1940. Counsel for defendant maintains the effect of the reservation is to limit the rights of both plaintiffs to the contract of October 28, 1918, and that under the above legal principles and said contract all timber would revert to the landowner as of October 1, 1944. It is urged that where a written contract is susceptible of two constructions it should be construed most strongly against the party preparing it, and further, if the contract is ambiguous or of doubtful context parol evidence is admissible to show the intent of the parties. Under the rule last stated parol evidence was adduced to show that after the timber was cut the vendor in deeds containing similar reserve clauses recognized the timber as belonging to the landowner. The evidence, we think, was improperly admitted. LSA-C.C. art. 2276.
As stated in Cooley v. Meridian Lumber Co., Ltd., supra, the cardinal rule for interpretation of contracts is that courts must seek for, and ascertain, the mutual intention of the parties, if that is possible, LSA-C.C. art. 1945, and "The words of a contract are to be understood, like those of a law, in the common and usual signification, without attending so much to grammatical rules, as to general and popular use." LSA-C.C. art. 1946.
With reference to the reserve provisions contained in the deed to Lewis the words evidence a retention by vendor of all merchantable timber. Defendant says this means only timber specified in the contract of October 28, 1918 as of October 1, 1919. But, undoubtedly, some timber has become of value in addition to such as may be included in the contract of October 28, 1918. The reservation in the Lewis deed must be held to embrace every sort of merchantable timber determined as such on November 1, 1940.
The contract between Ayer Timber Company, Inc., and George N. Lewis clearly manifests the intention of the vendor to reserve "all the merchantable timber of whatsoever kind and character now standing, growing or lying upon said property."
It is true, that the deed does not fix a time within which the timber shall be removed, and until so fixed the time remains indefinite. The resolution of this issue is one that can be determined in this case, as plaintiff alternatively seeks this relief. See Stanga v. Lake Superior Piling Company, supra.
*918 We note that the judgment of the court a quo fixed as the time for removal May 1, 1954, but this question should not have been decided on the hearing had, but should be deferred until a trial can be had on the merits. It, therefore, follows this finding must be overruled and set aside.
It follows from our findings on November 1, 1940, the timber on the Lewis land was owned by either or both of the plaintiffs, and Lewis had no interest in the merchantable timber as of that date. And such timber as determined merchantable on November 1, 1940, is subject to removal without interference by Lewis.
The record as presently presented does not show what constituted merchantable timber on November 1, 1940. On the remand the district court is directed to receive further evidence on this issue and to definitely determine it.
In view of the conclusions reached herein the judgment of the district court is set aside and overruled and the case is remanded for further proceedings according to law and consistent with the views herein expressed.
The taxing of costs, including costs of this appeal, shall await a final determination of the case.