DEACONS OF THE CONGREGATIONAL CHURCH IN AUBURN & another *vs.* HOLLIS H. WALKER & others.

Worcester. Oct. 3, 1877. — Feb. 27, 1878. ENDICOTT & LORD, JJ., absent.

A. mortgaged a "farm" "known as the 'T. Place,' together with all the buildings thereon, including mills, water-power, machinery and fixtures belonging thereto," "being the same estate which was conveyed to me by B. by her deed," duly recorded, "to which said deed and the record thereof reference is made for a description of said premises." The deed from B. did not include a small parcel of land, on which stood the only mill of A., with the connected buildings, but did include the dam and pond which furnished power to the mill. *Held,* that this parcel passed by the deed of A.

WRIT OF ENTRY, dated August 11, 1876, to foreclose a mortgage of four parcels of land in Oxford. Plea, *nul disseisin* as to a part of the fourth parcel, and a disclaimer of title as to the residue. The case was submitted to the Superior Court, on an agreed statement of facts in substance as follows:

The only question was whether a mortgage, given to the demandants by the tenants' ancestor, E. B. Walker, conveyed, either as parcel or by any implication of grant, the tract in dispute, consisting of a piece of land about eight or nine rods square, on which were a water-mill, containing machinery, and several small buildings connected therewith and necessary to its use.

The terms of the mortgage, which the demandants contended conveyed the tract in dispute, were as follows: "Also conveying as aforesaid one other farm, situated in the northerly part of Oxford, known as the 'Trumble Place,' together with all the buildings thereon, including mills, water-power, machinery and fixtures belonging thereto, and all the privileges and appurtenances belonging to said estate, being the same estate which was conveyed to me by Martha J. Swain, by her deed bearing date Jan. 13th, 1870, and recorded in the Registry of Deeds for the county of Worcester, book 810, page 517, to which said deed and the record thereof reference is made for a description of said premises." The mortgage was dated June 15, 1871, and executed and delivered on that day.

The deed from Martha J. Swain to Walker did not include the tract in dispute, but included a pond and dam and water

power and an old mill. After Walker received the deed from Swain, and before he made the mortgage, he took down and removed the old mill, and built the new mill and connected buildings on adjacent land owned by him, being the tract in dispute. The new mill was about ten rods from the dam, and was connected with it by a flume and gates, and was in every way adapted and designed to be used as a water-mill by the means of the dam and water-power, and, at the time of giving the mortgage, was so used by the mortgagor. The mill contained, at the time the mortgage was given, sundry pieces of machinery besides the shafting and belting; and there was at that time, and has been since, no other mill or machinery on or near the premises, and no other flume or water-works for operating the mill except those connected and used with the mill. The tract in dispute is only the land covered by said mill and connected buildings and so much more as is necessary to their use, and such as was at the time of the mortgage ordinarily used therewith.

If the tract in dispute was conveyed by the mortgage, either as parcel or by any implication of grant, conditional judgment was to be entered for the whole of the land described in the writ; otherwise, for so much only as was conveyed by the mortgage.

In the Superior Court, conditional judgment was entered for all the land described in the writ, except the tract in dispute; and the demandants appealed to this court.

*F. P. Goulding*, for the demandants.

*W. S. B. Hopkins*, for the tenants.

SOULE, J. The mortgage under which the demandants claim was dated June 15, 1871, and contains the following description : "Also conveying as aforesaid one other farm, situated in the northerly part of Oxford, known as the 'Trumble Place,' together with all the buildings thereon, including mills, water-power, machinery and fixtures belonging thereto, and all the privileges and appurtenances belonging to said estate, being the same estate which was conveyed to me by Martha J. Swain, by her deed bearing date Jan. 13th, 1870, and recorded in the Registry of Deeds for the county of Worcester, book 810, page 517, to which said deed and the record thereof reference is made for a description of said premises."

The deed from Swain did not include the land in dispute, on which stood the only mill of the mortgagor with the connected buildings, but did include the dam and pond which furnished power to the mill, and embraced some fifteen or twenty acres of land.    The parcel in dispute contains about half an acre.

It is contended by the tenants that the mortgage conveyed only that part of the demanded premises which had formerly been owned by Trumble, and is described in the Swain deed; and that the land in dispute was not conveyed, for the reasons that it was never owned by Trumble, is not described in the Swain deed referred to, and cannot pass under the description in the mortgage, on the well known principle that land does not pass as appurtenant to land.

The mortgage is to be so construed as to give effect to the intention of the parties, if this can be ascertained from the instrument.    This is the only inflexible rule of construction.    The conveyance is not to be restricted to the premises described in the deed referred to for a particular description, if the instrument contains another clear and unequivocal description embracing more land than is described in the deed referred to. *Melvin* v. *Proprietors of Locks & Canals*, 5 Met. 15.    *Hastings* v. *Hastings*, 110 Mass. 280.

We are of opinion that the mortgagor intended to convey the land in dispute as being included in the general term "farm," which he uses as descriptive of the entire premises.    If he had said, "the farm in the northerly part of Oxford, including in that term the mill as well as the pond which supplies it," there would have been no question as to what territory the conveyance covered; and it seems clear that the meaning of the language actually employed is the equivalent of this, and that the subsequent phrase, "belonging thereto," qualifies "water-power, machinery and fixtures."    With this construction, the land in dispute passes by a sufficient description, the word "mills" being efficient to convey the mill with the land on which it stands and the adjacent land necessary to the enjoyment of it.    The further words, "known as the Trumble Place," do not create any obstacle to this interpretation.    It is to be observed that they do not refer to any instrument of previous date, nor to any previous time when the premises were known by the name used,

but only to the time when the mortgage was made ; and there is nothing in the facts to show that the name which naturally had been affixed to the greater part of the farm, by reason of its former ownership, had not been extended to include the half acre which had been added by the mortgagor. And, independently of this suggestion, such a designation would be power-less to restrict a clear description including in terms the land in dispute.

It being thus manifest that the land in question is embraced in the first description contained in the mortgage, the case is brought, so far as respects the effect of the reference to the Swain deed, within the principle set forth in *Melvin* v. *Proprietors of Locks & Canals*, and in *Hastings* v. *Hastings*, cited above.

*Judgment for the demandants.*