CHARLES H. BALL *vs.* ALDEN E. STREETER.

Berkshire.   September 13, 1916. — October 18, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Deed,* Construction.

In a deed of land, dated June 27, 1904, and containing covenants of warranty, the description of the land conveyed was as follows: "all the land conveyed to me by Edwin A. Jordan by Warranty Deed dated June 11th 1904 all the land

conveyed to said Jordan by the heirs of Luther B. Towers Estate by Warranty Deed dated April 29th 1902 and recorded with Hampshire County Deeds in Book 558, Page 163." The deed from Jordan to the grantor conveyed to him "all the land conveyed to me by the heirs of Luther B. Tower's estate by Warranty deed dated Apr. 29th 1902, & recorded with Hampshire County Deeds, in Book 558, Page 163, reserving all the trees standing and down on said premises with the right to cut and carry away the same at any time before Jan. 1st 1924, with the privilege to carry the same over said lot." The deed referred to from the heirs of Luther B. Tower's Estate to Jordan conveyed nearly two hundred acres of land in three tracts, described by metes and bounds. The grantee under the first mentioned deed five months before receiving this deed had purchased from Edwin A. Jordan "all the soft timber on a certain tract of Land described in A Warranty Deed given to me by the heirs of the Estate of Luther B. Tower dated April 29th 1902 and recorded with Hampshire County Deeds in Book 558 Page 163," and was "to have ten years from May 1st 1903 to cut and remove said soft timber from the premises." *Held,* that the warranty in the first mentioned deed was merely of the title to the property conveyed by the deed of Jordan, which excepted the right to cut timber for twenty years, and that the reference to the previous deed from the Tower heirs was merely for the purpose of incorporating by reference a description of the land by metes and bounds.

PIERCE, J. This is an action of contract on the covenants of a warranty deed for breach thereof.

The defendant conveyed to the plaintiff certain land in Cummington, in this Commonwealth, by the warranty deed upon the covenants of which this action is brought, dated June 27, 1904. The description in this deed is as follows: "all the land conveyed to me by Edwin A. Jordan by Warranty Deed dated June 11th 1904 all the land conveyed to said Jordan by the heirs of Luther B. Towers Estate by Warranty Deed dated April 29th 1902 and recorded with Hampshire County Deeds in Book 558, Page 163."

The deed from Jordan to Streeter therein referred to, dated June 11, 1904, recorded July 8, 1904, conveyed "all the land conveyed to me by the heirs of Luther B. Tower's estate by Warranty deed dated Apr. 29th 1902, & recorded with Hampshire County Deeds, in Book 558, Page 163, reserving all the trees standing and down on said premises with the right to cut and carry away the same at any time before Jan. 1st 1924, with the privilege to carry the same over said lot."

The deed referred to from the heirs of Luther B. Tower's Estate to the said Jordan conveys nearly two hundred acres of land in three tracts, described by metes and bounds.

By deed dated January 30, 1904, the plaintiff purchased of E. A. Jordan "all the soft timber on a certain tract of Land described in A Warranty Deed given to me by the heirs of the Estate of Luther B. Tower dated April 29th 1902 and recorded with Hampshire County Deeds in Book 558 Page 163. And the said C H Ball by agreement is to have ten years from May 1st 1903 to cut and remove said soft timber from the premises. Meaning to convey all soft wood trees, large and small, standing or down." The soft lumber remained growing on the land until 1914 when a steam mill was placed thereon and the soft lumber was cut and sawed.

On February 2, 1914, Edwin A. Jordan asserted his right to the soft wood and trees by notice to the plaintiff in terms reading: ". . . Your Lease on the Tower Lot expired May 7 1913 and I object to you drawing any more Logs or Trees from thare." Thereupon the plaintiff "paid Jordan to acquire title to the soft wood, plus the value of the hard wood at the time of the ouster," a sum of money "with interest on the total amount." The plaintiff then brought an action on the covenants of warranty.

As stated in the brief for the plaintiff, "The question raised is the legal effect of conveying real estate by a warranty deed having no description of the property, but incorporating two prior deeds of the land; the first mentioned reserving for a period certain timber and trees growing on the land, and the second deed referred to, of an earlier date, describing the premises by metes and bounds and conveying the land free from incumbrances and without any reservations."

The presiding judge * found and ruled, in part as follows: " In the deed Streeter to Ball there was no description of the premises conveyed except by reference to the Tower deed to Jordan and the Jordan deed to Streeter. Unless these deeds were read into the deed Streeter to Ball that deed would fail for want of any description of the premises. But such a reference does incorporate the deeds referred to as fully as if they were copied in. In law then expanding these references the deed Streeter to Ball had in it the clause from the previous deed 'reserving [to Jordan] all the trees standing and down on said premises with the right to

---

* *Bell,* J. He found for the defendant; and the plaintiff alleged exceptions.

cut and carry away the same at any time before Jan. 1st 1924, with the privilege to carry the same over said lot.' And to the premises with that reservation the covenants applied, and whatever right Jordan had under that reservation was not a breach of the covenants." To this ruling and others of the memorandum the plaintiff duly excepted.

The legal effect of the incorporation of the two deeds by reference in the description of the premises granted depends upon the intent of the contracting parties as ascertained from the instrument when construed as nearly as possible in the situation of the parties and in view of all circumstances affecting them or the property at the time, which are supposed to be equally understood by both parties. *Auburn Congregational Church* v. *Walker,* 124 Mass. 69. *Smith* v. *Thayer,* 155 Mass. 48, 50. In the case at bar the parties to the deed actually or constructively knew that the right to the soft wood was in the plaintiff, Ball, conditional on its removal within a defined period of time; that there was a possible outstanding right in reverter to the soft wood, in Jordan, and that Jordan had retained these rights and the right to the land in his deed to Streeter by a broad reservation of a right to cut and carry away all trees at any time before January 1, 1924. They also actually or constructively knew at the time of the execution and delivery of the deed to Ball, that the title to the land was incumbered by the conveyance of Jordan to Ball and by the reservation in the deed of Jordan to Streeter. *White* v. *Foster,* 102 Mass. 375. Under all the circumstances it must be presumed that Streeter did not intend to grant, and that Ball did not expect to receive, title to property or to an interest in property which both knew Streeter did not own. *Daniels* v. *Citizens' Savings Institution,* 127 Mass. 534.

The reference to the deed of the Tower heirs to Jordan manifestly was not inserted with the intent to destroy or to disregard the reservation of rights in the land contained in the deed of Jordan to Streeter, the instrument first referred to in the description, but presumably because it was the one deed in the chain of title that described the land to be conveyed with the fullness and certainty of a description by metes and bounds. See *Daniels* v. *Citizens' Savings Institution, ubi supra.* This construction is consistent with the rule that every part of a deed ought, if possible,

to take effect and every word to operate. 13 Cyc. 627 and cases cited. 1 Jones Real Prop. in Conveyancing, 269 and cases cited.

The rulings of the presiding judge, that there was no breach of warranty and that upon all the evidence the plaintiff was not entitled to recover, were right.

*Exceptions overruled.*

The case was submitted on briefs.

*M. B. Warner & J. Barker,* for the plaintiff.

*W. A. Davenport, J. F. Manning & A. S. McLaud,* for the defendant.