JONATHAN R. SMITH *vs.* WALTER A. WELLS.

Franklin.    September 17, 1924. — October 18, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Deed,* Of standing timber with stated time for cutting and removing. *Evidence,* Of oral leave or license.

At the hearing by a master of a suit in equity, where a matter in issue was whether the plaintiff had given to the defendant permission to remove certain felled timber after a time limited in a deed, it appeared that the plaintiff's property was subject to a mortgage, that at various times before the filing of the bill the plaintiff had said, " I don't know as I have any objection," but had added, " You had better see the " mortgagee; and at another time, " I have no objection, but I don't think the " mortgagee " will stand for it " ; that on another occasion when the plaintiff brought to the defendant a notice from the mortgagee forbidding any further operations on the premises, the defendant had said to him, " I shall go right on just the same. . . . . Will it hurt you any? " and the plaintiff had replied, " I don't know as it will." *Held,* that

(1) It was proper for the master to rule that the burden of proof was on the defendant to show that he had a license from the plaintiff;

(2) The evidence justified a finding by the master " that the plaintiff gave the defendant no permission or license to continue, and that he did not mislead him to his damage ";

(3) It became unnecessary to decide whether an oral license given in the circumstances of this case is revocable or irrevocable.

At the trial of the suit above described, it appeared that the deed from the plaintiff to the defendant conveyed " All the standing timber including all trees fit for saw logs," and gave the defendant " six years from this date to cut and remove said timber."    At the end of the six years there were upon the premises many trees which had been cut but had not been removed, some of which were limbed and some of which were not limbed; that there also was on the premises lumber which had been sawed out and some which had been piled and not sawed, besides a portable saw mill and tools.    *Held,* that

(1) Under the law in this Commonwealth, the title to the wood or timber given by the deed was conditional, and as to so much as was not removed at the end of the term specified in the deed, the title then reverted to the grantor;

(2) The defendant had no right to remove any of the felled timber after the expiration of the time set in the deed.

BILL IN EQUITY, filed in the Superior Court on June 2, 1924, seeking to enjoin the defendant from trespassing on the plaintiff's land, and damages.

In the Superior Court, the suit was referred to a master. Material findings by the master are described in the opinion. Both parties filed objections and exceptions to the report. The suit then was heard by *Lummus,* J. With relation to the findings by the master, upon evidence described in the opinion, that the plaintiff had not waived the stipulation in the deed nor given the defendant license to remove timber after the date therein specified, the judge found that he, " having in mind the restrained use of language characteristic of New England," came " to the opposite conclusion upon the master's report " and found " that there was such waiver and license." By order of the judge, an interlocutory decree was entered sustaining exceptions by the defendant to that portion of the master's report and ordering " that in place of said paragraph the court finds that upon the facts and evidence set forth in the master's report the plaintiff orally waived the forfeiture of the lumber cut but not removed at the end of the period of six years mentioned in the report, and orally licensed the defendant to remove such lumber after the end of such period, and that if such license should be revoked the plaintiff would have misled the defendant to his damage; and that the defendant has a right to remove the timber cut before the end of such period, though not limbed out, as well as the sawed lumber, the saw mill and the tools." Otherwise the report was confirmed.

By order of the judge, a final decree also was entered that the defendant was " entitled to remove the logs which were cut before May 28, 1924, whether limbed or not, as well as the sawed lumber, the saw mill and his tools; that the bill be and hereby is dismissed; and that the defendant recover his costs against the plaintiff in the sum of $28.26 and that execution in common form issue therefor."

The plaintiff appealed from both decrees.

*C. Fairhurst,* (*W. A. Davenport* with him,) for the plaintiff.

*F. J. Lawler,* for the defendant.

PIERCE, J. This is a bill in equity to restrain the defendant from trespassing on the plaintiff's premises and to recover damages already caused by such alleged trespass. After the filing of the answer, the case was referred to a

master " to hear the parties and their evidence, and report his findings to the court together with such facts and questions of law as either party may request."

In substance, the master found that the plaintiff is and has been for many years the owner of several tracts of land in Hawley and in Ashfield which are described in the plaintiff's bill; that on May 28, 1918, by warranty deed he conveyed to the defendant " All the standing timber including all trees fit for saw logs " on " The land . . . conveyed to me by Jennie M. Smith . . . Said Wells, (the defendant) is to have six years from this date to cut and remove said timber. He is to have the privilege of setting a steam mill and sticking up lumber on any part of said premises except mowing land at any time during said six years "; that the defendant entered upon the land, upon which it is estimated that there was something like three million feet of standing timber and began lumbering operations; that the six years under the deed, during which the defendant might enter and cut and remove lumber, expired at midnight on May 28, 1924; that the defendant cut trees prior to May 28, 1924, " some of which were limbed and some of which were not limbed out, which would make one hundred and fifty thousand feet of lumber; that these trees were worth as they lay upon the ground, $10 per thousand feet; that it cost $3 per thousand to cut them; . . . that the purpose of the defendant in cutting these trees was to cut down all the trees he could before the time expired, with a view to getting them off the premises after the time expired "; that at the expiration of the time set in the deed the defendant had two hundred thousand feet of lumber on the premises which were severed from the realty and sawed out, valued at $4,000; that he had one hundred thousand feet cut from the stump and piled, not sawed, worth $2,000; that he had one hundred and fifty thousand feet of logs cut from the stump and scattered, not piled, worth $1,500; and that he had a portable sawmill and certain tools used in the lumbering trade which have remained upon the premises. The plaintiff does not contend that he is entitled to the sawmill and tools, nor object to their removal by the defendant.

After May 28, 1924, the defendant entered the premises for the purpose of yarding and sawing logs and removing lumber therefrom and continued so to do until he was stopped by an injunction of the Superior Court on June 4, 1924. The defendant claimed and offered evidence tending to support his claim that the plaintiff at a time before May 28, 1924, " gave him oral permission or license to continue to saw out and remove timber after the expiration of the time limited in the deed." In this regard the master specifically found that " Neither the defendant, nor the witnesses called by him, testify that the plaintiff said to the defendant, in clear and unqualified terms that he might continue to remove timber. They say, at most, in substance, at a conversation which took place in November, 1923, at the house of Oscar Rood, where . . . the defendant boarded, at the dinner table, in reply to an inquiry by the defendant as to whether the plaintiff had any objection to the defendant removing lumber that should be cut at the expiration of the time limit in the deed the plaintiff replied, ' I don't know as I have any objection. ' But, he added, ' You had better see the Federal Land Bank,' and on another occasion, ' I have no objection, but I don't think the bank will stand for it.' And again, upon the afternoon of May 27 or the morning of May 28, when the plaintiff brought the defendant a notice from the Federal Land Bank of Springfield forbidding any further operations upon the premises, the defendant said ' I shall go right on just the same.' ' Will it hurt you (meaning the plaintiff) any? ' to which he says the plaintiff replied, ' I don't know as it will.' " The plaintiff specifically denied any such conversations or that he gave the defendant any permission, but the master found that conversations took place substantially as above stated.

The master ruled rightly that the burden of proof was on the defendant to show that he had a license; and, justified by the evidence above reported in full, properly found as a fact " that the plaintiff gave the defendant no permission or license to continue, and that he did not mislead him to his damage." By reason of this finding of fact it becomes unnecessary to decide whether an oral license given under the

circumstances of this case is revocable or irrevocable, as the plaintiff and defendant respectively contend. See *Fletcher* v. *Livingston*, 153 Mass. 388.

It is the law of this Commonwealth, and the majority rule of this country, that a deed of standing wood and timber upon described premises with a provision which specifies a time within which the wood or timber shall be cut and removed conveys a title to the wood or timber which is conditional and determinable on the removal of the wood or timber within the time stated, with a reverter of title to the grantor in case the wood or timber be not so removed. *Lawrence* v. *Gifford*, 17 Pick. 366. *Kemble* v. *Dresser*, 1 Met. 271. *Reed* v. *Merrifield*, 10 Met. 155. *White* v. *Foster*, 102 Mass. 375. *Perkins* v. *Stockwell*, 131 Mass. 529. *Oesting* v. *New Bedford*, 210 Mass. 396, 400. *Ball* v. *Streeter*, 225 Mass. 100, 103. *Smith* v. *Ramsey*, 116 Va. 530; 15 Am. L. Rep. 32 note. No sound distinction can be made between sawed timber not removed within the time limit and timber cut to be sawed or otherwise manufactured which is not removed within such prescribed limit. The provision of the deed covers not only the cutting but the removal of that which may be cut in whatever shape it may be put by the grantee while it remains on the premises of the grantor described in the deed. The master makes no finding as to the quantity or value of the wood and timber removed by the defendant after the expiration of the time limit of removal.

It becomes unnecessary to consider the plaintiff's exceptions to the master's report; the defendant's exceptions are not argued.

It results that the decree must be reversed, and a decree with costs entered for the plaintiff as prayed for in conformity to this opinion.

*Ordered accordingly.*