CROROW HARDWOOD CO. *v.* BURKS.*

(Division A.   Feb. 13, 1928.   Suggestion of Error Overruled March 12, 1928.)

[115 So. 585.   No. 26917.]

1. LOGS AND LOGGING. *Purchaser of standing timber did not receive such title as authorized its removal after expiration of period granted therefor.*

   Purchaser of standing timber under deed limiting right to enter to a period of twenty years from date did not acquire such fee-simple title to timber and trees as would authorize its removal after expiration of period granted for that purpose.

2. LOGS AND LOGGING. *Deed conveying "all timber owned" did not include timber thereafter acquired on failure of prior purchaser to remove it within stipulated period.*

   Deed conveying all timber which grantor then owned on lands described therein *held* to restrict timber conveyed to such only grantor then owned, and did not include timber which he had a possibility of thereafter acquiring by reason of purchaser's failure to renew, within stipulated period; the words "all the timber which I own" being equivalent to all the timber which he had not theretofore conveyed (citing Words and Phrases, First and Second Series, "Own").

*Corpus Juris-Cyc References:   Estates, 21CJ, p. 1017, n. 26;   Logs and Logging, 38CJ, p. 161, n. 84;   p. 164, n. 25.

APPEAL from chancery court of Pearl River county.
HON. T. P. DALE, Chancellor.

Suit by Mrs. E. J. Burks against the Crorow Hardwood Company.   Decree for complainant, and defendant appeals.   Affirmed.

*Luther L. Tyler* and *R. H. Thompson,* for appellant.

The court will agree with us that the granting clause of the deed invested in Coldwell, grantee, a perfect, com-

plete and fee-simple title to the timber and trees thereby sold and conveyed, without any limitation whatever on the grant. The following clause of the deed gave Coldwell, the vendee and his assigns a right to enter upon the lands to cut and remove the timber during twenty years next after the date of the deed, the right to so enter expiring December 11, 1923. This was a limitation on the right to so enter upon the lands, but was in no proper sense a limitation on the grant, the title to the timber and trees conveyed by the deed, and there is no express provision of terms in the deed forfeiting the title conveyed or providing for a reversion of the title to the grantor. The clause last mentioned was not and is not a condition subsequent to the grant. Forfeitures, conditions subsequent and reversions are disfavored in law and unless expressed will not be adjudged to exist. *Thornton* v. *Natchez,* 88 Miss. 1, 129 Fed. 86-87, 212 U. S. 559. Conditions subsequent should never be implied in the construction of deeds. And yet previous decisions of this court, especially *Ladner* v. *Ingram-Day Lumber Company,* 135 Miss. 632, 100 So. 369, seem by implication to have added to the granting clause of deeds words to the effect that the time limited for entering and removing the timber trees, if not removed within that time, reinvest the title thereto in the grantor. Did not these decisions reduce fee-simple titles to trees to mere leases for terms of years?

It is well to consider the situation of the parties to the deed, from Joseph Burks, Sr., to David Baird at the time of its execution as an aid to determine the object and purpose of its execution. The grantor Joseph Burks, Sr., had not then conveyed the pine and water oak trees on the land described in the deed; said last-mentioned trees were expressly reserved from the grant in his previous deed to Coldwell. The deed to Baird by its terms negatives that it was intended to convey only the pine and water oak trees on the land; it conveys "all the timber which I (the grantor) own of any and every kind," being

on the lands described in the deed and in the bill of complaint. Burks at the date of his deed to Baird manifestly assumed (erroneously perhaps) that he owned and had a reversionary interest, or some kind of a salable interest, in the trees and timber, previously sold by him to Coldwell and the intent and purpose of his deed to Baird, we assert with confidence, was to invest in Baird, the vendee, all of his, Burks', rights, interest and title in and to any and all kinds of trees on the land whether his, the grantor's rights were vested, reversionary or contingent. Baird's rights under said deed were acquired by appellant before the trees were cut. Deeds are to be constructed most strongly against the grantors. 8 R. C. L., p. 1051, sec. 104. The intention of Burks' deed to Baird is unmistakable, and the purpose of the deed was to divest grantor Burks of all interest in the trees upon the land and to invest the same in grantee Baird. 8 R. C. L., p. 1037, secs. 93, 94 and 95. A reversionary interest in property is not an expectancy; it is a present existing right. If Burks did not have and own a reversionary interest or a salable interest of some kind in the trees sold Coldwell the complainant cannot maintain this suit, because by like reasoning she did not acquire title to the trees sued for by her deed from her husband. Our Statute, Code 1906, sec. 2762, provides for the sale and conveyance of any interest or claim to land, and we see no reason why a sale of a ''mere expectancy'' of an interest in land or trees cannot be made.

*Hathorn & Williams,* for appellee.

Appellant based their main contention for a reversal upon the proposition that the deed from Burks to Coldwell of December 11, 1903, vested Coldwell with a perfect, complete and fee-simple title to the timber and trees thereby sold and conveyed, without any limitation whatever on the grant. In other words, notwithstanding the twenty-year limitation in that deed within which

Coldwell and his assigns might cut the timber, that Coldwell and his assigns got a fee-simple title to the timber forever and might cut it under that deed after the expiration of the twenty years without incurring liability for the value of the timber conveyed by said deed. For this court to hold according to this contention of counsel would necessarily mean that the court would have to overrule its prior decisions, and especially the cases of *Clark* v. *Ingram-Day Lumber Company,* 90 Miss. 479, 43 So. 813; *Ladner* v. *Ingram-Day Lumber Company,* 135 Miss. 632, 100 So. 369; *Stewart* v. *Herring* (Miss.), 103 So. 375. See, also, 28 Harvard Law Review, p. 114. This court will not overrule its former decisions fixing a rule of property covering land titles so as to affect the rights of parties covered by contracts entered into upon the faith of the decisions fixing the rule of property and while those decisions remain the law of the land. This rule of property is the law of the case at bar. *Wisconsin Lumber Co.* v. *State,* 97 Miss. 571, 54 So. 247.

We call the attention of the court to the fact that the bill alleges and the answer admits that on February 16, 1918, when Burks made the deed to Baird, that he, Burks, owned on the lands—embraced in the Coldwell deed and also embraced in the Baird deed not only the pine and water oak but also such other timber as had become such by tree growth or change of custom after the date of the Coldwell deed; and in addition thereto that he, Burks, owned all of the timber on the forty acres of land in Lot 2, section 10 which is embraced in the Baird deed and which was not embraced in the Coldwell deed. Burks did not then own the timber on said lands which he had theretofore conveyed to Coldwell, but that Baird himself owned that timber. It therefore appears without any uncertainty or ambiguity from the language used in the two deeds just what timber Burks conveyed and intended to convey and attempted to convey to Baird and just what timber Burks did not convey nor intend to convey nor attempt to convey to Baird. Since Burks did not own

the Coldwell timber on February 16, 1918, but said timber was then owned by Baird; and since Burks conveyed by said deed that timber on said lands and only that timber on said lands which he did own, it follows necessarily that he did not by his deed of February 16, 1918, convey to Baird the Coldwell timber or any interest therein.

Complainant owned the land at the time of the expiration of the Coldwell deed, and she also owned the land at the time that appellant cut the Coldwell timber, which was after the expiration of the Coldwell deed. 38 C. J. 164; *Stewart* v. *Herring* (Miss.), 103 So. 375. We submit that upon the expiration of the Coldwell deed on December 11, 1923, all timber sold to Coldwell reverted to the complainant, Mrs. E. J. Burks, as owner of the land; that she owned this timber when the appellant, Crorow Hardwood Company, cut seven thousand five hundred dollars worth of this same timber between October 20, 1924, and October 20, 1925; and that as such owner of said timber she was entitled to recover the actual value thereof.

Argued orally by *R. H. Thompson,* for appellant, and *F. C. Hathorn,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree for the appellee against the appellant, for the value of trees cut and removed by the appellant from land owned by the appellee.

In December, 1903, Joseph Burks, who then owned the land, conveyed to R. C. Coldwell "all the standing, live, round, and growing timber, except pine and water oak," growing thereon. The deed stipulated that:

"The said R. C. Coldwell and his assigns shall have the right to enter upon said land at any time during a period of twenty years from date hereof, . . . and that he and his assigns shall have the right to cut and remove said timber at any time during said period that they may see fit."

On February 16, 1918, the timber acquired by Coldwell under this deed was still on the land, and was vested in David Baird by mesne conveyances from Coldwell. On that day Joseph Burks executed and delivered to Baird a deed reciting:

"I have this day sold, and do by these presents hereby bargain, sell, convey and warrant unto the said David Baird all the timber which I own of any and every kind, lying, standing, or being on the lands described as follows: [Here follows a description of the same land described in the Coldwell deed, and also forty acres of land not described in the Coldwell deed.] . . . For the consideration aforesaid I hereby grant unto the said David Baird or his assigns, the right of ingress and egress in, to, upon and across the said land, . . . for the removal of the said timber for the period of fifteen years from the date of this instrument."

Baird conveyed the timber to the appellant; and, after the expiration of the time within which the timber could be cut and removed from the land under the deed from Burks to Coldwell, the appellant entered upon the land and cut and removed therefrom timber, other than pine and water oak, which was on the land when the deed from Burks to Coldwell was executed, for the recovery of the value of which this suit was brought.

In November, 1922, prior to the cutting of the timber by the appellant, Joseph Burks conveyed the land to the appellee.

Two reasons only are assigned by counsel for appellant for the reversal of the decree of the court below. These reasons are:

First. Coldwell and his assignees acquired "a perfect, complete, and fee-simple title to the timber and trees" by the deed executed to Coldwell by Burks, which title was not divested by the failure of Coldwell and his assignees to cut and remove the timber from the land within the twenty years granted for that purpose, this limitation on the right to enter upon the land being "in

no proper sense a limitation on the grant . . . to the timber and trees conveyed by the deed.",

Second.  The deed from Burks to Baird conveyed all the timber on the land, subject to the right of Coldwell and his assignees to cut and remove that portion of it that was conveyed by Burks to Coldwell, and, on the expiration of the time limit in Coldwell's deed for the cutting and removing of the timber, it passed to Baird under the deed from Burks to him.

The first of these questions is ruled against the appellant by *Ladnier* v. *Ingram-Day Lumber Co.*, 135 Miss. 632, 100 So. 369, wherein it was held that a deed, similar to the one here in question, vests the title to the timber therein conveyed in the vendee, subject to defeasance as to the timber not removed within the time limit.

After the execution by Burks of the deed to Coldwell, he ceased to own, and had no estate in, the timber therein conveyed, and had thereafter merely a possibility of reacquiring the timber by its reverting to him in the event it should not be cut and removed from the land within the time limited therefor; "this possibility being known as a possibility of reverter." 1 Tiffany on Real Property (2 Ed.), 335; 23 R. C. L. 1101; 21 C. J. 1017; Challis on Real Property (3 Ed.), 83; Gray on the Rule Against Perpetuities (3 Ed.), section 13.

We will assume, as have counsel for both the appellant and the appellee, but merely for the sake of argument, and without intending to express any opinion thereon, that a possibility of reverter is alienable.  The question is, is the timber to which Burks had this possibility of reverter included in the decription of the timber conveyed by him to Baird?  If the words "which I own" had been omitted from the description of the timber in the deed from Burks to Baird, the description would, of course, have included all of the timber then on the land.  These words must be given some meaning, and, as they cannot enlarge the description of the timber, they must be held to restrict it; otherwise they will be wholly inoperative.

The words, "all the timber which I own," are naturally understood to mean *all the timber which I now own,* which is equivalent to *all the timber which I have not heretofore conveyed,* and such is the construction which should be here given by them. *Fitzgerald* v. *Libby,* 142 Mass. 235, 7 N. E. 917; 6 Words and Phrases (1 Ed.), 5131; 3 Words and Phrases (2 Ed.), 844. The words "which I own" therefore restrict the timber conveyed to such only as the grantor then owned, and do not include such as he only had a possibility of thereafter acquiring.

*Affirmed.*