FINKBINE LUMBER Co. *v.* SAUCIER *et al.*[*]

(Division A. April 23, 1928.)

[116 So. 736. No. 27105.]

*Corpus Juris-Cyc. References: Deeds, 18CJ, p. 277, n. 88; Logs and Logging, 38CJ, p. 148, n. 69; p. 152, n. 57; p. 163, n. 18; On right of parties to timber contract upon failure of purchaser to remove timber within time fixed or within a reasonable time, see annotation in 15 A. L. R. 70; 31 A. L. R. 948; 42 A. L. R. 644; 17 R. C. L. 1092; 3 R. C. L. Supp. 760; 7 R. C. L. Supp. 585.

448

*U. B. Parker*, for appellant.

*Hathorn & Williams,* for appellees.

SMITH, C. J. The appellees sued out an attachment in chancery against the appellant, a nonresident corpo-

ration owning land in this state, for the purpose of recovering from the appellant the value of timber alleged to have been owned by the appellees and to have been cut down and appropriated by the appellant. A demurrer to the bill of complaint was overruled, and the case has been appealed to this court in order to settle the principles thereof.

The allegations of the bill are, in substance, as follows: On January 28, 1904, the appellees owned certain land and "conveyed to Leonard H. Field all the pine timber then standing and being on the said lands, together with the right to cut and remove the same at any time that said Field, his heirs or assigns, might desire within twenty years from the said 28th day of January, 1904;" that Field's interest in the timber came to the appellant by mesne conveyances. On June 30, 1915, the appellees conveyed the land to Laurence Ladner by a deed reading, in part, as follows: "I convey and warrant to Laurence Ladner . . . the land described as follows. . . . All pine timber on the above-described land is reserved from this deed." Laurence Ladner sold the land to Earvin Ladner, who, on March 19, 1923, executed to the Finkbine Lumber Trustees a deed to "all of the pine timber then growing, standing, lying, or being on" the land, with the right to cut and remove it within six years from the date of the deed. The Finkbine Lumber Trustees conveyed their interest in the timber to the appellant, the Finkbine Lumber Company, which cut and removed the timber within six years from March 19, 1923, but after the expiration of the twenty years allowed therefor in the deed from the appellees to Leonard W. Field.

The appellant's contention is that the appellees' right to the reversion of the timber remaining on the land after the expiration of the twenty years given by them to Field within which to remove the timber, passed to Ladner under the appellees' deed conveying the land to him. The ground of this contention is that the reservation of

the timber in the deed from the appellees to Ladner is void, for the reason that "Saucier did not own the timber and could not reserve the same."

The question for decision is one of no difficulty if a very elementary rule of conveyancing is kept in view; i. e., a deed conveys only the property described therein and which it manifests an intention on the part of the grantor to convey. Under this rule it is wholly immaterial whether or not the appellees owned the timber when they conveyed the land to Ladner, for in either event the reservation thereof in the deed excludes it from the description of the property conveyed, and also clearly manifests an intention on the part of the grantors not to convey it. The deed from the appellees to Ladner, under section 2817, Code 1906 (Hemingway's 1927 Code, section 2473), embraces all of the five common-law covenants of warranty; and therefore two very good reasons appear for the right of the grantors to exclude the timber from the property conveyed by the deed;

(1) They did not then own the timber, and, had it been included in the property which the deed purports to convey, their covenants of warranty would have been broken.

(2) Under the deed by which the appellees conveyed the timber to Field, they had a possibility of reacquiring the timber by its reverting to them in the event it should not be cut and removed from the land within the time limited in the deed therefor. *Ladnier* v. *Ingram-Day Lumber Co.*, 135 Miss. 632, 100 So. 369. It is true that this possibility, known as "a possibility of reverter" (*Crorow Hardwood Co.* v. *Burks* [Miss.], 115 So. 585; *Memphis & Charles R. R. Co.* v. *Neighbors*, 51 Miss. 412; *Vicksburg & Meridian Railroad Co.* v. *Ragsdale*, 54 Miss. at page 216) was a bare possibility, and not one coupled with an interest (Challis's Real Property [3 Ed.] note on page 76), and therefore inalienable at common law. Nevertheless, had the timber not been exclud-

ed from the property conveyed by the appellees to Ladner, it would have passed to him under the warranties in their deed to him when they reacquired it under their possibility of reverter. *Wheat* v. *J. J. White Lumber Co.*, No. 26,998 (Miss.), 116 So. 103, not yet reported.

That the land was not owned by the appellees when the time limit in their deed to Field for the removal of the timber therefrom expired is of no consequence, for, as this court has repeatedly held, timber on land may be owned by one person, and the land by another. It follows from the foregoing views that the timber had reverted to, and was owned by, the appellees when it was cut and appropriated by the appellant.

Affirmed and remanded, with leave to answer within thirty days after the filing of the mandate in the court below.

*Affirmed and remanded.*