SMITH *et al. v.* SALMEN BRICK & LUMBER CO. *et al.*\*

(Division A. May 28, 1928. On Suggestion of Error Overruled, Oct. 1, 1928.)

[117 So. 332. No. 27106.]

330

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 696, n. 6; Logs and Logging, 38CJ, p. 152, n. 56; p. 164, n. 25, 28. As to effect of contract with regard to standing timber to pass title to same, see annotation in 6 L. R. A. (N. S.) 468; 47 L. R. A. (N. S.) 870; 17 R. C. L. 1062; 3 R. C. L. Supp. 760; 4 R. C. L. Supp. 1170; 7 R. C. L. Supp. 585. As to effect of expiration of time removal of timber, see annotation in 47 L. R. A. (N. S.) 882; 17 R. C. L. 1085.

*Rawls & Hathorn,* for appellants.

332

R. D. *Ford* and *J. C. Shivers*, for appellee.

336

340

*Rawls & Hathorn,* in reply brief for appellants.

Argued orally by *C. V. Hathorn,* for appellant, and *R. D. Ford* and *J. C. Shivers,* for appellee.

Sᴍɪᴛʜ, C. J.   The appellants, who were the complainants in the court below, brought this suit against the ap-

pellees for the partition of the pine timber growing on a tract of land. The case was heard on bill, answer, and proof, and a decree was rendered dismissing the bill of complaint, from which the complainants have brought the case to this court.

On November 28, 1905, James A. Wheat, who then owned the land, and his wife, conveyed to the New Orleans Naval Stores Company the pine timber thereon, the deed reciting that—"The term of twenty years from date hereof is hereby granted the said New Orleans Naval Stores Company, its successors and assigns, in which to work said timber for turpentine and to remove same, and the right is hereby granted unto said grantee herein, its successors and assigns, to enter upon said lands at any and all times during said term of twenty years from date hereof with tools, wagons, carts, tramways, laborers and all other conveyances that may be necessary or convenient for the removal and for working said timber for turpentine and also to erect a turpentine still and houses to be used in connection with same on a part of said lands to be selected by said grantee."

The rights of the New Orleans Naval Stores Company under this deed passed to the appellees the Salmen Brick & Lumber Company and J. J. White Lumber Company by *mesne* conveyances. On the 15th day of December, 1905, James A. Wheat and his wife conveyed the land to their five sons, J. H., E. M., B. F., M. W., and J. S. Wheat; the deed "excepting and reserving from the above-described lands all of the pine timber on said lands heretofore sold to the New Orleans Naval Stores Company, subject to the conditions of a certain timber deed made by grantors herein to the said New Orleans Naval Stores Company on the 28th day of November, 1905.

In December, 1907, J. S. Wheat conveyed his interest in the land to B. F. Wheat by a deed reciting:

"Excepting and reserving from this deed all and singular the exceptions and reservations mentioned in a

deed from James A. Wheat and Mary M. Wheat to J. H. Wheat, E. M. Wheat, B. F. Wheat, Jr., M. W. Wheat and J. S. Wheat, which deed is now of record in Book 14, at page 188 of the record of deeds of Pearl River county, Mississippi, in the chancery clerk's office at Poplarville in said county and state, in which deed for particulars of said exceptions and reservations reference is hereby made same to be found on page 188 of Book 14 of the record of deeds of Pearl River county, Mississippi, in the chancery clerk's office at Poplarville, said county and state.''

In January, 1914, J. H. Wheat conveyed his interest in the land, without excepting the timber from the operation of the deed, to E. M., B. F., and M. W. Wheat, who afterwards conveyed the timber thereon to the appellees, and extended the time for the cutting and removal thereof to the 9th day of April, 1931.

James A. Wheat and his wife both died intestate, the former in 1910 and the latter in 1918, and the complainants in the court below, appellants here, are all of their heirs at law, except their four sons, J. H., E. M., B. F., and M. W. Wheat, whose interest in the timber is now claimed by the appellees, and whose right thereto is admitted by the appellants.

The deed from James A. Wheat and his wife to the New Orleans Naval Stores Company vested in the grantee the title to all the pine timber on the land therein described, subject to a possibility of reverter in the grantors in event the timber should not be removed from the land within the time limited therefor. *Ladner* v. *Ingram-Day Lumber Co.*, 135 Miss. 632, 100 So. 369; *Crorow Hardwood Lumber Co.* v. *Burks* (Miss.), 115 So. 585; *Finkbine Lumber Co.* v. *Saucier* (No. 27105, Miss.), 116 So. 736, not yet [officially] reported.

The appellee's contention is that this possibility of reverter passed to the grantees in the deed from James A. Wheat and wife to his five sons, conveying to them the

land on which the timber was, and from the grantees therein to the appellees by the deeds from them hereinafter set forth.

We will assume, in aid of this contention, but without deciding, that this possibility of reverter, though inalienable at common law, passed to the five sons of James A. Wheat under his deed to them by estoppel under the provisions of section 2767 of the Code of 1906, section 2426, Hemingway's 1927 Code, provided the timber on the land was included in the description of the property conveyed by that deed. Compare *Wheat* v. *J. J. White Lumber Co.* (No. 26998, Miss.), 116 So. 103, not yet [officially] reported.

One question for decision then is: Is the timber sold by James A. Wheat and wife to the New Orleans Naval Stores Company included in the description of the property conveyed by them to their five sons?

The appellees contend that the clause in the deed excepting and reserving the timber on the land therein conveyed was not intended to withdraw the timber from the operation of the deed, but merely to cause the land to pass to the grantees therein subject to the right of the New Orleans Naval Stores Company to remove the timber therefrom, and to do the other things thereon which it was authorized to do by the deed which the grantors had previously executed to it.

We do not so understand the deed. It excepts and reserves in plain and unambiguous language the timber from the property conveyed by it, and clearly manifests an intention on the part of the grantors not to include it therein, thereby preventing any rights, present or prospective, which the grantors may have had therein from passing to the grantees. *Finkbine Lumber Company* v. *Saucier, supra.* The words, "subject to the condition of a certain timber deed made by the grantors herein to said New Orleans Naval Stores Company of the 28th day of November, 1905," which follow the words excepting

the timber from the operation of the deed, cannot be held to qualify the exception, and may have been inserted for the purpose of making it clear that the grantees received the land burdened with the right of the New Orleans Naval Stores Company to use it in the manner and for the purposes provided in its prior deed from the grantors to the timber thereon. Had the reservation contained these words only, it would then mean what the appellees claim that it does, and if the grantors so intended, the prior words eliminating the timber from the property conveyed should have, and we must presume would have, been omitted. Every word in the clause should be given effect, if possible, and this would not be done were we to hold that the true intent of the grantors was set forth by the words beginning "subject to the conditions of a certain timber deed," for, in that event, we would necessarily hold that the words "excepting and reserving from the above-described land," etc., add nothing to the meaning of the reservation.

Among the cases cited by the appellees, and on which they principally rely, are *Sutton* v. *Gray Lumber Co.*, 3 Ga. App. 377, 60 S. E. 2; and *Deer Creek Lumber Co.* v. *Sheets*, 75 W. Va. 21, 83 S. E. 81.

In the Georgia case, Slade executed to Banks a deed to the sawmill timber on a tract of land, "provided the same be cut within five years from date." Afterwards Slade conveyed the land to Patten by a deed reciting, after the description of the land, that "the sawmill timber heretofore sold to Henry Banks excepted." Banks did not cut and remove the timber from the land, and after the expiration of the time allowed him therefor, the Gray Lumber Company cut and removed the timber under a deed thereto from Patten. Slade died, and his heirs at law sued the Gray Lumber Company in trespass from cutting and removing the timber. The court held that the deed from Slade to Banks, under the proviso therein, conveyed to Banks only such timber as he might cut and

remove from the land within the time limited therefor. Under this construction of the deed to Banks, it necessarily followed that the exception in the deed from Slade to Patten of "the sawmill timber heretofore sold to Henry Banks" withdrew from the operation of that deed such sawmill timber only as Banks should cut and remove from the land within the time limited therefor.

In the Virginia case the language of the reservation in a deed from Ervin to Sheets was as follows:

"The timber upon this tract of land was sold to E. M. Arbogast by E. N. Ervin and is therefore reserved by the party of the first part in this deed."

The court held that the use of the word "therefore" in the deed to Sheets indicated that the reservation was for the benefit of Arbogast only, and evidenced an intention on the part of the grantor that the title should pass under the deed to all timber on the land other than that which Arbogast should cut and remove therefrom.

Neither of these cases are in point here.

Another question for decision is: Is the timber sold by James A. Wheat and wife to the New Orleans Naval Stores Company included in the description of the property conveyed by J. S. Wheat to B. F. Wheat? That the timber was not included therein will appear from a comparison of this reservation with the reservation in the deed from James A. Wheat and wife to their five sons, and applying what we have heretofore said relative thereto.

It follows from the foregoing views that the timber on the land reverted to James A. Wheat and his wife when the time limited for the cutting and removal thereof in their deed to the New Orleans Naval Stores Company expired, and on their death passed from them to their heirs at law.

*Reversed and remanded.*

### On Suggestion of Error.

Per Curiam. In the suggestion of error filed herein by the appellees, it is said that the sons of James A. Wheat, brothers of the appellants herein, are necessary parties defendant to the bill of complaint filed by the appellants in the court below; that, although no objection to their nonjoinder was raised by the appellees in the court below, nevertheless the court of its own motion should either have required them to be joined as parties defendant, or dismissed the bill, and that consequently the decree of the court below, which dismissed the bill for another reason, should be affirmed here.

Leaving out of view the fact that this question is raised for the first time on a suggestion of error, nevertheless, it should not be here considered, for the reason that, as it was not called to the attention of the court below, the case was decided by it on the merits; its decree expressly adjudicating that the appellants have no right, title, or interest in the property sought to be partitioned. This adjudication, if allowed to stand, will, to say the least, constitute a cloud on the appellants' right to the property, and confront them as such, should we affirm the dismissal of their bill, if they should thereafter file another.

We adhere to our former opinion, and decline now to say whether or not the sons of James A. Wheat are necessary parties defendant to the bill of complaint.

*Overruled.*