RALPH SCHOEMAKER, an Infant, by RALPH SCHOEMAKER, His Guardian ad Litem, Respondent, v. GEORGE MEADOWS, Appellant.

County Court, Chautauqua County, January 27, 1939.

*Lombardo & Pickard* [*Michael Lombardo* of counsel], for the appellant.

*Harry M. Young*, for the respondent.

OTTAWAY, J. Some years ago the owner of timber lands in question entered into a contract for the sale of certain standing timber " with the right to enter on said premises and cut and remove the same at any time within five years from the date hereof." This contract was dated September 2, 1931.

Later, defendant became the owner of the premises in question subject only to the contract right to remove timber. Plaintiff became the rightful owner of the contract and prior to September 2, 1931, cut, split and piled on the premises a quantity of slab wood. When he sought to remove this wood after the expiration of the contract, that is, after September 1, 1936, title was claimed by the defendant.

This action in conversion has been brought to recover the value of the wood so cut and piled upon the premises.

The court below found for the plaintiff for the value of the wood detained by the defendant. From this judgment the defendant now appeals.

The problem, simply stated, is whether wood cut under a timber contract may be removed after the time fixed by the contract for cutting and removal has expired.

The plaintiff contends that when the timber was cut within the time limit of this contract it became personal property and title vested thereto in the cutter, a title which was not divested by the expiration of the contract. It is his position that some action for trespass might be maintained just as if the plaintiff had not removed his truck and saw rig, but that title to the wood was vested in the party who seasonably did the slashing.

Although various decisions referring to the law upon this subject in the State of New York have been called to our attention, they are all exceedingly unsatisfactory. It leads us to believe that the principle of law has not been well established or certainly not well expressed within this State. If there is such a decision clearly enunciating the principle involved it has not been called to our attention nor have we found it in our research.

In fact, there seems to be a wide divergence in the decisions of the various States. The plaintiff cites, among others, cases from the following States, namely: *Griffin* v. *Anderson-Tully Company* (91 Ark. 292; 121 S. W. 297); *Wimbrow* v. *Morris* (118 Md. 91; 84 A. 238); *Hodges* v. *Buell* (134 Mich. 162; 95 N. W. 1078); *Plumer* v. *Prescott* (43 N. H. 277); *Broocks* v. *Moss* ([Tex. Civ. App.] 175 S. W. 791); *Knight* v. *Smith* (84 W. Va. 714; 100 S. E. 504).

While these cases may state the decisions of the courts in the various States referred to, it becomes immediately apparent that many other States hold to the contrary, for instance: *Irons* v. *Webb* (41 N. J. L. 203); *Smith* v. *Ramsey* (116 Va. 530; 82 S. E. 189); law fixed by statute in 1919, Alabama Code, § 6956; *Bunch* v. *Elizabeth City Lumber Co.* (134 N. C. 116; 46 S. E. 24); *Bank of California* v. *Clear Lake Lumber Co.* (146 Wash. 543; 264 P. 705); *Ferriday Cooperage Co.* v. *Porter* (8 La. App. 588); also *Bodcaw Lumber Co.* v. *Clifton* (169 La. 759; 126 So. 52); *Crorow Hardware Co.* v. *Burke* (149 Miss. 327; 115 So. 585); *Smith* v. *Wells* (250 Mass. 151; 145 N. E. 50).

It would seem that the better weight of authority is against the plaintiff's contention. It seems to us that when this contract was made a license was given to enter upon the timber land and cut trees and so convert them into personal property. The same timber contract operated as a sale of that personal property to the person so cutting the timber. But that sale was not complete and that transfer of property was not finally effected unless the wood

or timber was removed before the expiration date of the contract. The transfer and sale of this wood was subject to the consideration that it must be removed on time. Time was really made the essence of the contract and is a binding limit upon the parties.

This may seem indeed a harsh rule, but the better weight of authority indicates that it is the sound rule. It is, after all, only the rule that the contracting party places upon himself when he fixes such time limit, and he should not, of course, complain if it causes him hardship later on.

These considerations lead to the conclusion that the judgment must be reversed and the complaint dismissed. The terms of the order to be signed in accordance with this decision may be fixed at a term of County Court to be held at Jamestown, N. Y., February 3, 1939, at ten A. M.